[Civ. No. 679. Third Appellate District.—May 9, 1910.]

A. M. SHEAKLEY, Appellant, v. T. A. NELSON, Respondent.

JUDGMENT—DISMISSAL OF APPEAL.—An appeal from a judgment taken more than two years after its entry cannot be considered, and must be dismissed.

ID.—ORDER DENYING NEW TRIAL—REVIEW UPON APPEAL.—Upon an appeal from an order denying a new trial, neither the sufficiency of the pleadings nor of the findings to support the judgment can be reviewed upon appeal.

ID.—SUPPORT OF FINDINGS—CONFLICTING EVIDENCE—CREDIBILITY OF WITNESSES.—*Held,* that the findings were sufficiently supported by the evidence, though conflicting, and that the credibility of the witnesses was for the determination of the trial court.

ID.—ACTION FOR SALE OF STOCK—REFORMATION OF AGREEMENT TO SHOW SALE—SUPPORT OF FINDINGS.—*Held,* that the nature of the contract sued upon was for the sale of stock; that the contract was properly reformed to show a sale; that the charge conformed to evidence of what the parties meant by the contract; and that the findings of a sale are supported by the evidence.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial. C. W. Norton, Judge.

The facts are stated in the opinion of the court.

Paul McDonald, H. E. Monroe, and A. H. Carpenter, for Appellant.

Clary & Louttit, and Thomas H. Louttit, for Respondent.

CHIPMAN, P. J.—The complaint sets forth a written contract, relating to the transfer of certain shares of the capital stock of the Hercules Manufacturing Company, a corporation, by plaintiff to defendant, the plaintiff claiming that the shares were merely a pledge to secure the payment of money advanced by defendant to pay certain assessments on said shares, the defendant claiming in his answer that the intention of the contract was to effect a sale, and praying its reformation so that it would correctly express such intention.

The court found the facts to be in accordance with defendant's contention and rendered judgment against plaintiff. Judgment was made and entered March 23, 1907, and plaintiff appealed therefrom on April 6, 1909, more than two years after the entry thereof.

The appeal from the judgment cannot be considered, and may be dismissed. (*Brownlee* v. *Rainer*, 147 Cal. 641, [82 Pac. 324].)

On the appeal from the order denying plaintiff's motion for a new trial, neither the sufficiency of the pleadings nor the findings in support of the judgment can be considered. (*Kaiser* v. *Dalto*, 140 Cal. 167, [73 Pac. 828]; *Holmes* v. *Warren*, 143 Cal. 457, [78 Pac. 954].)

No errors of law are pointed out in appellant's brief, and there remains only the inquiry, Did the evidence support the findings?

The transaction, as found by the court, briefly stated, was as follows: On April 8, 1903, plaintiff was the owner of 14,090 shares of the capital stock of the Hercules Manufacturing Company, and, on that day, plaintiff sold and transferred the same to defendant for the consideration of $1,500; that on said day plaintiff and defendant entered into a written agreement, the intention of which, through mutual mistake, was not truly expressed; "that it was the intention of said plaintiff and said defendant to enter into an agreement of sale of said 14,090 shares of the capital stock of the Hercules Manufacturing Company, a corporation, and it was the intention of said plaintiff and said defendant to enter into an agreement under the terms of which defendant as an additional consideration to him moving from said plaintiff for the transfer and sale by plaintiff to defendant of said 14,090 shares of said stock, was to pay for said plaintiff to said Hercules Manufacturing Company, a corporation, in addition to said sum of Fifteen Hundred Dollars, on account of any subsequent assessment that might be levied against the stock of said plaintiff, the sum of One Thousand Dollars."

The agreement was reformed to express what the evidence tended to show was the intention of the parties. In the written contract the words "and sell" were inserted by the court after the word "transfer." After the provision, "and the said T. A. Nelson will pay such assessments as the stock of

said A. M. Sheakley may be charged with, provided that the total sum so paid shall not exceed $2,500," there was added by the court, "including the sum of $1,500 agreed to be advanced for the payment of the assessment already advanced." These changes conformed to the evidence which was explanatory of what the parties meant by the language used in the contract, when first written, rather than as introducing any new feature. It was further found that said shares were not intended as security for the repayment by plaintiff to defendant of the sum of $1,500, or any other sum, as alleged in the complaint, and that defendant did not loan to plaintiff nor did plaintiff borrow from defendant said sum or any other sum.

The evidence is in sharp conflict, but there is sufficient to support the findings. Our attention is called to certain phases of the transaction as disclosed by the testimony of the witnesses and the records of the corporation, from which it is contended by appellant that the findings of fact should have been favorable to his contention. But these matters rest chiefly upon the details of the transaction and subsequent happenings between the parties, and their mutual relation to the corporation, as given by witnesses whose credibility was a matter to be determined exclusively by the trial judge. Appellant points out no fact or circumstance, upon which the findings support respondent's view of the transaction, which can be said to be inherently or at all improbable or unreliable, or which would justify an appellate tribunal in reaching a conclusion from the facts different from that arrived at by the learned trial judge.

In a word, the evidence showed that plaintiff was owner of 37,544 shares of the corporation; an assessment had been made which called for a payment by plaintiff of $1,500 on plaintiff's shares; he found himself unable to meet the assessment and applied to defendant for relief; defendant agreed to purchase 14,090 of plaintiff's shares and pay this assessment; the shares were accordingly transferred to defendant; after this agreement was made plaintiff became fearful that another assessment would be made, and defendant agreed to meet plaintiff's part of it not to exceed $1,000 additional to the $1,500 already agreed to be paid by him. It appeared that

defendant was secretary of the company and was familiar with its affairs, and did not believe that another assessment would be made, but was willing, to allay plaintiff's fears, to take the chance. The explanation made by defendant and his account of the transaction, which was very fully given, was accepted by the court, and we find nothing in the record to discredit the defendant's narrative of the facts thus accepted.

The appeal from the judgment is dismissed and the order denying new trial affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 7, 1910.