## CHICAGO, R. I. & P. RY. CO. v. NEWBURN.

No. 574.    Opinion Filed July 12, 1910.

(110 Pac. 1065.)

1.  **CARRIERS—Passengers—Ejection—Signing of Tickets.** Plaintiff purchased a first-class. round trip, nontransferable ticket, which contained on its face a requirement that he must sign it in ink, and a proviso that, if presented for passage by other than the original purchaser, the same was void; also, a line for his signature with a line for the signature of the agent as witness. Without being signed said ticket was honored for plaintiff's going passage. On his return he was ejected from the train because said ticket was not signed. There was no evidence showing plaintiff had refused to sign the same. Held, even if essential to the validity of the ticket, plaintiff's signature was waived by the company, and his ejection was wrongful.

2.  **PRINCIPAL AND AGENT—Acts of Agent—Exemplary Damages.** Under the decisions controlling in the Indian Territory, exemplary or punitive damages were not allowable against the principal, unless the evidence showed that the principal participated in the wrongful act of the agent expressly or impliedly, by his conduct authorizing or approving it either before or after its commission, and, where there is a total absence of such evidence, an instruction authorizing a jury to allow plaintiff such damages is erroneous.

3.  **CARRIERS—Passengers—Ejection—Damages.** In an action by a passenger for wrongful ejection from a train, plaintiff's loss of time cannot be considered in assessing his damages, in the absence of evidence as to the value of his time.

(Syllabus by the Court.)

*Error from District Court, Le Flore County; D. A. Richardson, Judge.*

Action by Geary L. Newburn against the Chicago. Rock Island & Pacific Railway Company. From a judgment in favor of plaintiff, defendant brings error. Reversed and remanded.

*C. O. Blake, Thos. R. Beman*, and *Stuart & Gordon,* for plaintiff in error.—On validity of ticket: *Thorp v. Railroad Co.,* (Vt.) 17 Atl. 791; *Watson v. Railroad Co.* (Tenn.) 56 S. W. 1024; *Comer v. Foley,* (Ga.) 25 S. E. 671; *Drummond v. So.*

*Pac. Co.* (Utah) 25 Pac. 723; *Abram v. Railway Co.* (Tex.) 18 S. W. 321; *Rahilly v. Railway Co.* (Minn.) 68 N. W. 853; *Havlow v. Railroad Co.* (Iowa) 80 N. W. 223. On liability for exemplary damages: *Railway Co. v. Prentice,* 147 U. S. 101; *Ristive v. Blocker* (Colo.) 61 Pac. 486. On instruction upon damages for loss of time: *Railway Co. v. Daniels* (Tex. Civ. App.) 29 S. W. 426.

T. T. *Varner,* for defendant in error.—On validity of ticket: *Railroad Co. v. Winters,* 143 U. S. 60; *Penn. Co. v. Lenheart,* 56 C. C. A. 467; *Gregory v. Railroad Co.* (Neb.) 4 N. W. 1025; *Kent v. Railroad Co.,* 45 Ohio St. 284.

DUNN, C. J.    This action was begun in the United States Court for the Central District of the Indian Territory, sitting at Poteau, in January, 1907, by Geary L. Newburn, defendant in error, hereinafter called "plaintiff," against the plaintiff in error, to recover the sum of $2,000, for damages for an alleged wrongful ejection from a train of defendant on December 13, 1906, at a point between McAlester and Haileyville in what was then Indian Territory. To the complaint defendant filed its answer, consisting of a general and specific denial of all the material allegations contained therein. The cause was tried January 2, 1908, and the jury returned a verdict for plaintiff in the amount prayed for. The evidence showed that plaintiff purchased a first-class, round trip ticket at Poteau on the line of the St. Louis and San Francisco Railroad Company, over that line and the Chicago, Rock Island & Pacific Railway Company, to South McAlester and return, the ticket on its face, among other things, containing a provision that it was not transferable, and that it "must be signed in ink by the person who is to use it, and if presented for passage by other than original purchaser, or if it shows any alterations by erasures or otherwise, or more than one date or route is designated, it shall be void and conductor will refuse to honor, and will take up and collect full fare"; also, an agreement on the part of the purchaser to be governed by all the conditions as stated in the contract, which it recites are fully

understood. Immediately following thereafter was a line with "signature for original purchaser" printed beneath, and another line with the word "witness" printed above, and the word "agent" beneath. Plaintiff testified that he used the ticket in going to McAlester, and that on his return, at some point between McAlester and Haileyville, the conductor asked him for his ticket; that he showed the same to him, and the conductor said the ticket was not good and demanded cash fare; that he then left him until he had collected the tickets and fares throughout the balance of the train, when he returned and told him that he must either pay his fare or get off the train; that after talking awhile he was grabbed by his shoulder and pushed out of the car door, and after stepping off the car he was given a push and fell, hurting his leg. The testimony of plaintiff stands alone on what took place at the time of his ejection. The conductor, brakeman and porter all testified that they never saw the plaintiff, that the train did not stop at the time or place where he stated that it did, and that he was not ejected. This evidence was also corroborated by the testimony of the train dispatcher, who showed that by his records no reports of any such occurrence had been made to him, although it was the duty of the train operator to make them. As the plaintiff does not testify that the conductor assigned any reason for ejecting him, the record is silent on this proposition; but counsel for defendant, though relying and insisting upon the proposition that the testimony of plaintiff as to his having been ejected is false, assert that, by reason of the fact that plaintiff had failed to sign the ticket, the same was void, and that, even had he been ejected after having refused to pay fare as stated, the action on the part of the train operative was legal, and that plaintiff had no cause of action; hence the question is raised whether or not plaintiff could be lawfully ejected from the train for the sole reason that the ticket which he held, containing the terms above set forth, had not been signed by him. Plaintiff asserts, and it is not denied, that he was the original purchaser of the ticket, and his possession of it carried with it the presumption of ownership. The

manifest purpose requiring it to be signed was to render it non-transferable, and to identify the purchaser, and the mere absence of the signature would not render it void. *Walker v. Price,* 62 Kan. 327, 62 Pac. 1001, 84 Am. St. Rep. 392; *Gregory v. Burlington & Missouri River R. R. Co.,* 10 Neb. 250, 4 N. W. 1025; *Kent v. B. & O. R. R. Co.,* 45 Ohio St. 284, 12 N. E. 798, 4 Am. St. Rep. 539.

The company sold plaintiff the ticket to enable him to take passage thereon. It could not with reason accept his money and give to him a contract which its agent knew was void. The requirement of the signature was for the benefit of the company. It was beneficial to it that no one but the purchaser should use the ticket, and the time when that fact was intended to be made manifest was at the time of its purchase. This is clear, not only from conditions surrounding and existing in the transaction, but from the fact that the face of the ticket itself shows that the agent was expected to witness the purchaser's signature. It may be said to be a matter of common knowledge that passengers purchasing tickets state to ticket agents their route and destination and rely largely on the agents to supply them with tickets meeting their requirements. And certainly it cannot be said to be a reasonable and just rule which would permit the agent of a company to sell and deliver to a passenger a ticket in such condition that the same will be refused and the passenger ejected on its presentation. If, under the facts in this case, the signing of this ticket was essential to its validity, the time to have required that was when the company took plaintiff's money for transportation, and it was too late to insist upon this right under the contract after plaintiff had boarded the train and was taking passage on the return part thereof. In other words, the company cannot accept and keep plaintiff's money, and then refuse to carry him because of an oversight of this character on the part of one of its agents. In the condition that this record comes to us the plaintiff's evidence must be taken as true. He was the original purchaser, and, under the circumstances, his ejection from the train was wrong-

ful. In a similar case the Supreme Court of Ohio, in the case of *Kent v. B. & O. R. R. Co., supra,* said:

"According to the company's instructions to agents, and by the uniform custom regulating the sale of such tickets, they were required to be signed before their delivery to the purchasers. The company saw fit, in the case at bar, to dispense with this requirement. It received the plaintiff's money, delivered him the ticket, in his ignorance of any request that he sign it, honored it for several trips without first requiring him to sign its conditions. It thereby waived this requirement, and its conductor was not justified, while it still retained plaintiff's money, in ejecting him from its cars by reason of his failure to sign the ticket, which had already gone into full effect between the parties, and his failure to pay the usual fare in money for a passage which was already paid for."

And the Supreme Court of Nebraska, in the case of *Gregory v. Burlington & Missouri River R. R. Co., supra,* said:

"The general rule is that 'proof of possession of personal property is presumptive proof of ownership.' 1 Greenleaf, Evidence, § 34. This presumption certainly obtains in this case. The plaintiff was in possession of a ticket issued by a lawfully authorized agent of the company. It was regular in form, properly stamped; in fact, a first-class ticket, with certain conditions. The conditions were not signed, but there is no proof that the holder was requested to sign the same. There is no allegation in the answer that the ticket was stolen, nor that the plaintiff was not the original purchaser, nor is there a particle of proof to that effect; yet we are asked to declare the ticket void, because the agent selling the same did not require the purchaser to sign the conditions, as it is claimed the rules of the company require. There is no proof whatever that the plaintiff had any knowledge of such rules. And the fact that he presented the ticket for stamping at Lincoln without such signature is evidence tending to prove such lack of knowledge on his part. It will hardly be contended that the plaintiff can be affected by the neglect of the company's agent. He was the agent of their own selection for the sale of tickets. He was authorized to receive the consideration and issue and stamp the ticket and coupons. Can the company plead his default as a defense? Suppose the rules of the company required each conductor of the train to require the holder of such ticket to sign his name to the same, and a portion or all of them neglected

to do so, would the ticket thereby be rendered void, if the company retained the consideration? The statement of the proposition shows its absurdity. But even if the agent has failed in some respects in the performance of his duty, still as between the plaintiff and the company it must bear the loss. And in any event, the defendant cannot retain the consideration and plead the laches of its agent as a defense to the ticket."

Counsel for defendant also complain in their third assignment that the court erred in giving an instruction authorizing the jury to impose exemplary damages upon the defendant as punishment for the offense of ejecting plaintiff. There is a diversity of judicial expression upon this subject, but it is not necessary for us in this case to enter into any protracted discussion thereof. The facts in this case arose and it was brought in the Indian Territory, prior to the erection of the State of Oklahoma, and, the decisions of the Supreme Court of the United States being controlling in that jurisdiction, this court is bound by the same. See *Moore v. A. T. & S. F. Ry. Co.,* 26 Okla. 682, 110 Pac. 1059; which, upon this question, is on all fours with the instant case and the cases therein cited, wherein the rule above noted is laid down and observed, and wherein this court, following the case of *Lake Shore, etc. Ry. Co. v. Prentice,* 147 U. S. 109, 13 Sup. Ct. 261, 37 L. Ed. 97, held substantially that, under the decisions controlling in a territory, exemplary or punitive damages are not allowable against a principal unless the evidence showed that the principal participated in the wrongful act of the agent, expressly or impliedly by his conduct authorizing or approving it either before or after its commission. Under the authorities noted therein, the instruction given authorizing the jury to return a verdict for exemplary damages was error.

This conclusion on our part renders it unnecessary to notice the other questions raised in the case, except the error of the court alleged to have been committed in instructing the jury to allow plaintiff such damages as would compensate him for loss of time occasioned by the wrongful ejection. As there was no evidence in the record upon which this instruction could be predi-

cated, and no showing of the value of the time lost, this was error. *Gulf, Colorado & Santa Fe Ry. Co. v. Daniels* (Tex. Civ. App.) 29 S. W. 426.

The judgment of the trial court is, accordingly, reversed, and the case remanded, with instructions to set the same aside and allow defendant a new trial.

All the Justices concur.