## FREEMAN v. ELDRIDGE.

No. 535.   Opinion Filed July 12, 1910.

(110 Pac. 1057.)

1. APPEAL AND ERROR—Review—Questions of Fact—Findings of Court. Where the case is tried by the court, without the intervention of a jury, upon controverted questions of fact, and there is competent evidence reasonably tending to support the findings of the court, such findings will not be disturbed on the weight of the evidence.

   (a) Where the testimony is oral and conflicting and the finding of the court is general, such finding is a finding of every special thing necessary to sustain the general finding and is conclusive upon this court of doubtful and disputed questions of fact.

2.    **CONSTITUTIONAL LAW**—Construction of Constitution—**Re-troactive Operation**—**Legal Rate of Interest.** Section 1, Schedule to the Constitution of Oklahoma, which provides that "no existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the forms of government, but all shall continue as if no change in the forms of government had taken place," applies to a pending case as affected by the legal rate of interest as it existed under the laws of the territory of Oklahoma, and section 2, art. 14, of the Constitution, fixing the legal rate of interest, does not apply to such action or proceeding pending in the courts of Oklahoma territory at the time of the admission of the state, and thereupon transferred to proper state court, which continued to be governed by the laws previously in force.

3.    **EVIDENCE**—Admissions—**Offer to Compromise.** Letters written by the defendant to the plaintiff, asking him to delay instituting an action, and proposing to trade or lease him certain property, with statements therein tending to show an admission of liability, are not incompetent as being an offer to compromise.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; George W. Clark, Judge.*

Action by G. C. Eldridge against Y. F. Freeman. From a judgment in favor of plaintiff, defendant brings error. Affirmed.

*B. O. Young,* for plaintiff in error.
*Thorp & Thorp,* for defendant in error.

WILLIAMS, J. On October 10, 1904, the plaintiff in error, defendant below, owning and being possessed of a certain three-story brick building in Oklahoma City, let the second and third stories of the same by lease to the defendant in error for the period of 12 months at a monthly rental of $65. It is alleged that, in violation of said lease, the plaintiff in error let the same to Barber & Wilsford, for such period at a monthly rental of $100, placing them in possession thereof, and refusing the defendant in error the possession thereof, excluded him therefrom, in violation of the covenants of the lease. Action was instituted by the defendant in error, plaintiff in the lower court, for damages, including the sums of $10 for repairs, $125 expended for storage, etc., on

account of furniture and fixtures bought for use in said demised premises, for the purposes for which said premises had been let, and $420 damages as the difference of the rental for $65 per month and the rental of $100 per month of said premises for the period of 12 months, making the total claim for damages $555. The defendant answered with a general denial. The trial was had before the court without the intervention of a jury.

The following assignments of error are argued in the brief of the plaintiff in error:

(1) The court erred in not rendering the judgment for plaintiff in error.

(2) Awarding excessive damages to the defendant in error in view of the character and extent of the damages alleged to have been sustained.

(3) The assessment of the amount of the recovery being excessive.

(4) Error in allowing interest on the judgment from the time it was rendered at the rate of 7 per cent. per annum.

(5) Error in admitting three letters written by the defendant to the plaintiff.

This court has time and again held that where the case is tried by the court without the intervention of a jury upon controverted questions of fact, and there is evidence reasonably tending to support the findings of the court, such findings will not be disturbed on the weight of evidence. *McCann v. McCann et al.,* 24 Okla. 264, 103 Pac. 694; *Seward v. Casler et al.,* 24 Okla. 275, 103 Pac. 740. The foregoing rule disposes of the first three assignments of error.

As to the fourth assignment, that judgment should have been rendered for interest at the rate of 6 per cent. (article 14, § 2, Const.) instead of 7 per cent., the legal rate under the laws in force in the territory of Oklahoma at the time of the erection of the state. Section 1 of the Schedule to the Constitution provides:

"No existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the forms of government,

but all shall continue as if no change in the forms of government had taken place. * * * "

This action was instituted in the district court of Oklahoma county, territory of Oklahoma, on the 4th day of April, 1905, and was pending, and undetermined, at the time of the admission of the state. This section of the Schedule was construed by the United States Circuit Court of Appeals for the Eighth Circuit on May 11, 1909, in *St. L. & S. F. R. Co. v. Condieff*, 171 Fed. 319, 96 C. C. A. 211, wherein it is said:

"Construing all of these provisions together, we are of opinion that they do not change, and were not intended to change, the method of procedure in cases pending in the courts of Indian Territory and of the territory of Oklahoma, but that the civil cases pending in the Indian Territory should, after statehood, continue under the law in force in the Indian Territory, and under that law no reply was required prior to statehood. We do not think that the provision of the Constitution (section 2, Schedule to Const.) relied upon by the railroad company so changes the situation as to make a reply necessary."

If by virtue of this section of the Schedule as to pending cases the existing procedure as in force in the Indian Territory at the time of the erection of the state is to continue, and be applied to such case, the then existing legal rate of interest was intended to also continue and likewise apply. Construing section 1 of the Schedule in the light of the construction placed upon same by the Circuit Court of Appeals in the Cundieff Case, we conclude that the action of the trial court was without error.

As to the objection as to the admission of the three letters from the defendant to the plaintiff in evidence on the ground that the same contained offers of compromise of the differences then existing between plaintiff and defendant, and therefore was inadmissible, it is not tenable. There was a question raised on the trial as to the authority of the alleged agent Reeves to act for the defendant. These letters were competent as tending to show a recognition of such authority, and that the second lease had been made at a monthly rental of $100 so as to bind him. They were .

competent for such purpose. What the defendant was seeking was for delay in order that he might adjust this claim, and any statements made in that correspondence asking for delay that would bind the defendant seem to have been admissible against him. Under the rule laid down in *West v. Smith,* 101 U. S. 263, 25 L. Ed. 809, cited by the plaintiff in error, it was competent for such party (defendant in the court below) to offer explanation as to any statements made in such letter. There does not appear to be any offer of compromise of any claim in any certain amount, but merely a request for delay in order that the matter might be adjusted. He was not denied the right to explain his purpose in writing such letters or to explain same. It is not clear that such letters were an offer to compromise. The burden is on the plaintiff in error to affirmatively show error.

There does not appear to be any prejudicial error which has been committed by the trial court against the rights of the plaintiff in error, and the judgment is, accordingly, affirmed.

All the Justices concur.