## STATE MUT. INS. CO. v. CRAIG.

### No. 417.   Opinion Filed September 13, 1910.

#### (111 Pac. 325.)

1.  **COURTS—Cases Pending Before Statehood—Decisions of U. S. Supreme Court Controlling.** As to actions existing and pending in the courts of Oklahoma Territory at the time of the erection of the state, the decisions of the Supreme Court of the United States as applicable thereto are binding on the state courts in the determination of such cases.

2.  **INSURANCE—Waiver of Conditions by Agent—Restrictions in Application—Effect.** Under the decisions of said court, restrictions inserted in an application for insurance, which by its terms becomes a part of the insurance contract and restricts the power of the agent to waive any condition therein contained, apply to conditions which relate to the inception of the contract as well as to matters arising subsequent to its execution.

3.  **INSURANCE—Action on Policy—Estoppel to Urge Misrepresentations in Application.** In an insurance policy containing a clause providing that: "This policy is based on an application of the insured on file with this company which is referred to as forming part of this policy, and it is understood that no other representations or statements have been made to the company or its agent than those written on said application, said application with everything therein contained, shall be a continuous warranty by the insured"—although the soliciting agent of the assurer made the estimates for the assured and inserted the same in the application, the same then being read over by said agent to the assured who signed the same, under the decisions of the Supreme Court of the United States, the assurer is not estopped from setting up misrepresentations made in said application to have said contract rescinded.

(Syllabus by the Court.)

*Error from District Court, Grant County; W. M. Bowles, Judge.*

Action by Frank Craig against the State Mutual Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

*Parker & Simons,* for plaintiff in error.
*A. M. Mackey,* for defendant in error.

WILLIAMS, J. The policy on which the action was based in the lower court was issued on April 11, 1906, by the assurer, a corporation organized under the laws of the territory of Oklahoma. A loss having occurred under the policy, suit was brought thereon in the district court of Grant county, territory of Oklahoma, on the 7th day of February, 1907, which was pending and undetermined at the time of the admission of the state into the Union.

Section 1 of the Schedule to the Constitution provides that:

"No existing rights, actions, suits, proceedings, contracts · or claims shall be affected by the change in the forms of government, but all shall continue as if no change in the forms of government had taken place."

In *Sullivan v. Mercantile Town Mut. Ins. Co.,* 20 Okla. 460, 94 Pac. 676, 129 Am. St. Rep. 761, this court, speaking through Mr. Justice Hayes, said:

"This rule laid down by the Supreme Court of the United States in *Northern Assurance Co. v. Grand View Building Association, supra,* 183, U. S. 308 [22 Sup. Ct. 133, 46 L. Ed. 213], was a controlling decision upon the trial court in the case at bar; and, while we do not wish to be understood as saying that it is our opinion that the doctrine announced in that case is in harmony with the weight of authorities upon this question, or that it is supported by the better reasoning, yet on account of the fact that the rule announced in said case was the law controlling the courts in the Indian Territory at the time of the trial of the case at bar we are constrained to follow in this case the rule announced therein, and hold that the trial court did not err in refusing to permit the introducing of oral testimony to show the knowledge of the agent of the company of the existence of said mortgage at the time of the execution and delivery of the policy, and that said court

did not err in holding that the forfeiting of said policy, if any had occurred, was not waived, and that the defendant company was not estopped from pleading the same as a defense by reason of the fact that the agent of the company who countersigned and delivered said policy had knowledge at the time of the existence of said mortgage. In applying the rule of law adopted by the Supreme Court of the United States in said case to the case at bar, and in following the same, we do not wish to be understood as laying down a rule by which this court shall be governed in the future in passing upon this same question arising in cases originating since the admission of the state of Oklahoma into the Union."

To the same effect, see, also, *St. L. & S. F. R. Co. v. Cundieff*, 171 Fed. 319, 96 C. C. A. 211; *Capital Fire Ins. Co. v. Carroll et al.*, 26 Okla. 286, 109 Pac. 535; *Freeman v. Eldridge*, 26 Okla. 601, 110 Pac. 1057; *Moore v. A., T. & S. F. Ry. Co.*, 26 Okla. 682, 110 Pac. 1059; *C., R. I. & P. Ry. Co. v. Newburn, ante*, 110 Pac. 1065.

It follows that, as to the case at bar, we have no discretion, and must follow the rule announced by the Supreme Court of the United States in *Northern Assurance Co. v. Grand View Bldg. Ass'n*, 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213, wherein it is said:

"The plaintiff's case stands solely on the proposition that because it is alleged, and the jury have found, that the agent had notice or knowledge of the existence of insurance existing in another company at the time the policy in suit was executed and accepted, and received the premium called for in the contract, thereby the insurance company is estopped from availing itself of the protection of the conditions contained in the policy. In other words, the contention is that an agent with no authority to dispense with or alter the conditions of the policy could confer such power upon himself by disregarding the limitations expressed in the contract; those limitations being according to all the authorities presumably known to the insured. It was not shown that the company, when it received the premium, knew of the outstanding insurance, nor that, when made aware of such insurance, it elected to ratify the act of its agent in accepting the premium. On the contrary, all the record discloses is that the jury found that the agent knew, when the policy in the defendant com-

pany was issued and delivered to the plaintiff, that there was then subsisting fire insurance to the amount of $1,500 in another fire insurance company, and that such knowledge had been communicated to the agent by or on behalf of the assured. There is no finding that the agent communicated to the company or to its general agent at Chicago, at the time he accounted for the premium, the fact that there was existing insurance on the property, and that he had undertaken to waive the applicable condition. Indeed, it appears from the letter of defendant's manager at Chicago, to whom the proofs of loss had been sent, which letter was put in evidence by the plaintiff and is set forth in the bill of exceptions, that the additional insurance held by the plaintiff was without the knowledge or consent of the company; and it further appears, and was found by the jury, that, immediately on the company's being informed of the fact, the amount of the premium was tendered by the agents of the company to the insured. So that there is not the slightest ground for claiming that the insurance company, with knowledge of the facts, either accepted or retained the premium. The plaintiff's case, at its best, is based on the alleged fact that the agent had been informed, at the time he delivered the policy and received the premium, that there was other insurance. The only way to avoid the defense and escape from the operation of the condition is to hold that it is not competent for fire insurance companies to protect themselves by conditions of the kind contained in this policy. So to hold would, as we have seen, entirely subvert well-settled principles declared in the leading English and American cases, and particularly in those of this court."

In the Northern Assurance Case, *supra,* which was an action on a fire insurance policy, the case of *New York Life Insurance Co. v. Fletcher,* 117 U. S. 519, 6 Sup. Ct. 837, 29 L. Ed. 934, an action on a life insurance policy, is quoted and cited as applicable. In *Deming Inv. Co. v. Shawnee Ins. Co.,* 16 Okla. 1, 83 Pac. 918, 4 L. R. A. (N. S.) 607, the Northern Assurance Case is followed, and that of *New York Life Ins. Co. v. Fletcher, supra,* cited and quoted with approval. The instructions of the lower court, in so far as they were not in accord with the foregoing rule, were erroneous. As to whether the statements set out in the application were substantially correct, that was a question of fact.

If there was a conflict as to the evidence on that point, it became a question for the jury's determination. But if the evidence without conflict showed that the value of the property was not as represented in the application, then there was nothing for the jury to determine on that point.

It must be distinctly understood that the rule announced in this case is neither to be taken as a precedent for the future guidance of this court nor of trial courts in such actions arising since the erection of the state.

The judgment of the lower court is reversed and remanded; with instructions to grant a new trial.

All the Justices concur.