## MISSOURI, K. & T. RY. CO. v. WALKER.

No. 718. Opinion Filed January 10, 1911.

1. TRIAL—Evidence—Sufficiency on Demurrer. Same as paragraph 2 of syllabus in Cole v. M., K. & O. R. Co., 20 Okla. 227, 94 Pac. 540.

2. COURTS—Causes Antedating Statehood—Decisions of U. S. Supreme Court Controlling. (a) Same as paragraph 1 of syllabus in State Mut. Ins. Co. v. Craig, 27 Okla. 90, 111 Pac. 325.

   (b) A clause providing, "in case of any loss or damage sustained by any of the property herein receipted for, whereby any liability or any responsibility may be incurred, the amount of loss or damage shall be computed at the value or cost of the article herein mentioned at the place and time of shipment," contained in a bill of lading executed in Oklahoma Territory on August 29, 1906, under the then existing law, may be valid.

3. EVIDENCE—Entries in Books—Admissibility. Entries in books made in the ordinary course of business at or near the time of the transaction to which they relate, upon proof of the handwriting of the person who made such entries, in case of his death or absence from the county, may be admitted in evidence.

(Syllabus by the Court.)

*Error from District Court, Logan County; A. H. Huston, Judge.*

Action between W. T. Walker and the Missouri, Kansas & Texas Railway Company. From the judgment, the railway company brings error. Reversed and remanded.

*C. L. Jackson* and *C. G. Hornor,* for plaintiff in error.

*F. H. McGuire, James Hepburn,* and *C. C. Smith,* for defendant in error.

Vol. 27—54

WILLIAMS, J. On the 29th day of August, 1906, the defendant in error, hereinafter designated as "the shipper," delivered to plaintiff in error, hereinafter referred to as "the carrier," at Meridian, Oklahoma Territory, a carload of peaches consigned to Jackson & Company, Dallas, Texas. The bill of lading covering this shipment contained the following clause:

"In case of any loss or damage sustained by any of the property herein receipted for, whereby any liability or any responsibility may be incurred, the amount of loss or damage shall be computed at the value or cost of the article herein mentioned at the place and time of shipment, and the carrier so liable shall have the benefit of any insurance that may have been effected upon or for account of said goods."

On the trial the carrier offered to prove that the entry in a certain book which was produced, in regard to the icing of the car in transit, at Denison, Texas, was made by George Summerville, an employee, whose duties it was to make entries in the book from cards furnished to him by one Mercer, an employee of the plaintiff in error, who was present and testified at the trial. Mercer identified the entries in the book as being in Summerville's handwriting, and stated that the same were made in due course of business by said Summerville, who, at that time, was in the state of Texas and absent from the county in which the trial was had. The entry in the book showed the arrival and icing of the car as contended for by the carrier.

The following questions are raised:

(1) Was the evidence tending to prove negligence on the part of the carrier sufficient to withstand a demurrer thereto?

(2) Whether the amount of recovery in the case of liability of the carrier should be the valuation of the property lost or ruined computed as of the time and place of the beginning of the shipment, or of its destination.

(3) Did the court err in excluding the record of the entries of the arrival and icing of the car at Denison, Texas?

1. The evidence was sufficient to withstand the demurrer and

sustain a finding of negligence.    (*Cole v. M., K. & O. R. Co.,* 20 Okla. 227, 94 Pac. 540.)

2. This cause of action, pending and undetermined at the time of the erection of the state, is to be tried, or continued, as if no change in the form of government had taken place. *Freeman v. Eldridge,* 26 Okla. 601, 110 Pac. 1057; *Pac. Mut. Ins. Co. v. Adams,* 27 Okla. 496; *St. Louis & S. F. R. R. Co. v. Cundieff,* 171 Fed. 319, 96 C. C. A. 211. It is also settled that the decisions of the Supreme Court of the United States, as applicable thereto, are binding upon the state courts in the determination of such cases. *State Mut. Ins. Co v. Craig,* 27 Okla. 90, 111 Pac. 325; *Moore v. A., T. & S. F. Ry. Co.,* 26 Okla 682, 110 Pac. 1059; *C., R. I. & P. Ry Co. v. Newburn,* 27 Okla. 9, 110 Pac. 1065; *Capital Fire Ins. Co. v. Carroll et al.,* 26 Okla. 286, 109 Pac. 535; *Sullivan v. Mercantile Town Mut. Ins. Co.,* 20 Okla. 460, 94 Pac. 676.

The stipulation that the valuation, in case of loss or damage, should be determined as of the time and place of the beginning of the shipment may be valid. *Cau. v. Texas & Pac. Ry. Co.,* 194 U. S. 427; *Phoenix Ins. Co. v. Erie Trans. Co.,* 117 U. S. 312; *C., R. I. & P. Ry. Co. v. Wehrman,* 25 Okla. 147, 105 Pac. 328.

As to whether such rule should apply to actions arising since the erection of the state, no opinion is expressed. Under such rule of damages, the question might further arise whether the shipper might not be entitled to recover back the freight on said car as to the peaches that were damaged, or spoiled, *pro tanto,* and also the additional outlay in way of time and expense that may have been reasonably incurred by the shipper in trying to locate the car and save the peaches from damage. That question is not now before this court, and we express no opinion thereon.

3. The book, or record, containing the entries as to the icing of the car at Denison, Texas, seems to have been admissible in evidence. Section 4574, Wilson's Rev. & Ann. Stat. 1903; section 5907, Comp. Laws 1909; section 4377, Stat. Okla. Ter. 1893;

*M., K. & T. Ry. Co. v. Davis,* 24 Okla. 677, 104 Pac. 34; *Meyer v. Brown,* 130 Mich. 449.

It follows that the judgment of the lower court must be reversed, with instructions to grant a new trial and proceed in accordance with this opinion.

All the Justices concur.