JOHN F. COLBURN III AND RICHARD H. TRENT EXECUTORS UNDER THE LAST WILL AND TESTAMENT OF JOHN F. COLBURN, DECEASED *v.* UNITED STATES FIDELITY & GUARANTY COMPANY.

No. 1227.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT. HON. J. T. DeBOLT, JUDGE.

ARGUED JUNE 3, 1920.                    DECIDED JUNE 30, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

INSURANCE—'*accidental*'—*defined.*

> The term 'accidental' in its ordinary popular sense means a happening by chance or unexpectedly taking place and not according to the usual course of things nor as expected. If a result is such as follows from ordinary means voluntarily employed, in a not unusual or unexpected way, it cannot be called a result effected by accidental means, but if in the act which precedes the injury

something unforeseen, unexpected, unusual occurs which produces the injury the injury has resulted through accidental means.

SAME—*accidental bodily injury.*

Where blood poisoning results from an abrasion of the skin of the foot by a shoe and death or disability follows the death or disability is properly attributable to accidental bodily injury.

SAME—*policy—forfeiture not favored.*

The forfeiture of an insurance policy is not favored at law and courts are always prompt to seize hold of any circumstance to uphold the validity of a policy, and where it was issued and the premium therefor paid the validity of the policy should be sustained unless fraud or other dereliction upon the part of the insured sufficient in law to vitiate it is clearly shown.

OPINION OF THE COURT BY COKE, C. J.

This was an action brought in the circuit court of the first judicial circuit by John F. Colburn against the United States Fidelity & Guaranty Company, a foreign corporation, to recover $440 on an accident policy which Colburn carried in the defendant company, issued by the defendant in his favor on the 2d day of November, 1917. The case after answer was tried before a jury which returned a verdict in favor of plaintiff for the full amount claimed. The defendant corporation comes here on a bill of exceptions. After the cause reached this court the plaintiff Colburn died and by order of court John F. Colburn III and Richard H. Trent, the executors under the will of John F. Colburn, deceased, were substituted in his place and stead as plaintiffs-appellees.

All of the exceptions presented in the bill of exceptions of the appellant may we think properly be resolved without discussion in favor of the appellees save exceptions Nos. 10, 11 and 13. In fact exceptions Nos. 11 and 13 are substantially to the same effect. The grounds forming the basis of the exceptions which we shall proceed to review may be summed up as follows: (1) That plaintiff cannot recover because he did not suffer an

accidental injury within the terms of the policy, and (2) that plaintiff is barred from recovery because of the breach of warranty by him as to material representations in the application for insurance.

The complaint after setting forth the terms of the policy and that it was delivered to Colburn by the defendant company alleges that on or about the 8th day of January, 1918, one of the feet of plaintiff, to wit, the right foot, became infected with blood poisoning which said injury so received by plaintiff as aforesaid, independently and exclusively of all other causes, continuously and wholly disabled and prevented plaintiff from the 8th day of January, 1918, to and including the 8th day of March, 1918, from performing any and every kind of duty pertaining to his occupation, that is to say, for the period of nine weeks, and thereafter partially disabled plaintiff for the period of four weeks and that plaintiff thereupon was entitled on account of said total and partial disability to receive from defendant the sum of $440.

The evidence shows that early in January, 1918, the friction of an old slipper worn by the plaintiff unexpectedly produced an abrasion of the skin of one of his feet. This injury shortly thereafter became infected and caused blood poisoning which incapacitated plaintiff for the period above mentioned. It is the claim of the defendant that the injury as defined in the complaint does not fall within the term "accidental bodily injuries" within the meaning of the policy and therefore the terms of the policy would not apply to the disability. By the terms of the policy Colburn was insured against accidental bodily injuries. The Supreme Court of the United States in *Mut. Accident Ass'n* v. *Barry,* 131 U. S. 100, affirmed a judgment founded upon a verdict where death had resulted from bodily injuries effected through external, violent and accidental means and approved an instruction

to the jury that "The term accidental was used in the policy in its ordinary popular sense as meaning happening by chance, unexpectedly taking place, not according to the usual course of things, or not as expected; that, if a result is such as follows from ordinary means, voluntarily employed, in a not unusual or unexpected way, it cannot be called a result effected by accidental means; but that if, in the act which precedes the injury, something unforeseen, unexpected, unusual occurs which produces the injury, then the injury has resulted through accidental means."

*Western Commercial Travelers' Ass'n* v. *Smith,* 85 Fed. 401, is a case of remarkable similarity to the one at bar. The insured in that case, as in this one, suffered from blood poisoning which resulted from the abrasion of the skin of his toes caused by the friction of a shoe against his foot. The court there said: "Where blood poisoning results from an abrasion of the skin of a toe by a new shoe and death follows the death is properly attributable to 'bodily injury effected by external, violent and accidental means' within the meaning of an accident policy." Counsel for appellant while recognizing this as an authority against the position he has assumed cites *Mut. Accident Ass'n* v. *Barry, supra,* as an authority not in harmony with *Western Commercial Travelers' Ass'n* v. *Smith supra.* With this we cannot agree. There is nothing in the opinion in the *Barry* case which is at all in conflict with the opinion of the circuit court of appeals written by Judge Sanborn in the *Smith* case. On the contrary Judge Sanborn quotes from the opinion in the *Barry* case and each of these opinions is in entire harmony with the other.

We are convinced that the plaintiff Colburn suffered such an accidental and bodily injury as was contemplated by the accident insurance policy issued to him by the company.

The second question is whether the plaintiff is barred from recovery because of the breach of warranty by him as to material representations in his application for insurance. It cannot be doubted that at the time the policy and application were returned to Colburn the application contained misstatements of fact respecting material matters. That is to say, it contained a statement that Colburn had received no accidental indemnities from other companies; that no accidental health or life insurance policies had ever been refused him nor had any such policies ever been canceled. It was shown at the trial that these statements were untrue. The evidence of Colburn, however, is undisputed to the effect that he received the application for insurance from a Mr. Ellis, a San Francisco agent of the company, and that the application at that time contained about fifteen blank spaces. Colburn was instructed by Ellis to fill in his name, age, color and place of residence in the blank spaces for that purpose. With these instructions Colburn complied and returned the application to Ellis with all the other spaces left blank. In due course of time the policy to which the application was attached and made a part was returned to Colburn by Ellis together with a letter from Ellis. Colburn remitted the annual premium of $40. There was some evidence given by Colburn in answer to a question propounded by the trial judge which would indicate that Colburn knew when he received the policy and application that all the blanks in the application were filled in. This evidence, however, the witness explained by the statement that when he received the policy and application with the letter he read the letter and taking it for granted that the policy and risk had been accepted he did not open the policy to see what was in it until the time he was preparing to make claim for his injury which is the basis of this suit; that the false

statements were not in the application when he signed it; that he was not the author thereof and had no information respecting the same until after his injury. A circumstance bearing out Colburn's statement is the fact that the answers which he admits he wrote into the application were all in his handwriting, while all of the other answers, including the false statements above referred to, were typewritten. Whether the false statements were inserted in the answer by Ellis or by some other representative of the company at its head office is left to conjecture, but the fact remains that Colburn denied their authorship as well as any knowledge thereof and the jury must have been convinced of the truth of his statement.

Counsel for appellant relies with confidence upon the rule announced in *N. Y. Life Ins. Co.* v. *Fletcher,* 117 U. S. 519, to overcome the judgment herein. The facts in that case, however, are dissimilar to those of the case at bar. In the *Fletcher* case the false information was written into the application by an agent of the company and the application containing the false information was signed by the insured. There was a clause in the application stipulating that the rights of the company could not be affected by verbal statements either of the insured or of the agent. When the policy was returned to the insured upon it was indorsed in red type conspicuously printed the following notice: "For the information of the assured and in order that any unintentional errors or omissions which may hereafter be found to exist may be corrected an abstract of the application upon which this policy is based may be found in the third page within. If corrections are desired, when satisfactory to the company, a certificate to that effect will be issued over the signature of the president and actuary." Under these circumstances the court held that it was the duty of the insured to have read over the application at the time he signed it and failing to do this the indorsement

in red ink upon the policy was sufficient to impose upon
him the duty to inspect the application.

It is urged by defendant that its instructions num-
bered 7 and 12 should have been given to the jury and
that error was committed by the trial court in refusing
to give them. The effect of these instructions was to ad-
vise the jury that in determining whether or not the
plaintiff was bound by the statements in the application
regarding his having received no accident indemnities
from other companies and also his never having been
refused insurance by such companies and that no policy
held by him had ever been canceled it was proper for it
to consider whether or not at the time plaintiff paid his
initial premium he knew that the application contained
misstatements of fact respecting material matters and if
the jury should find that the plaintiff when he received
the insurance policy from the San Francisco agent of
defendant knew that the same contained any such mis-
statements of fact and that plaintiff accepted the policy
notwithstanding and thereafter paid his initial premium
on the same then the plaintiff should be held to have
ratified said misstatements and adopted them as his own
and the verdict should be for the defendant. These in-
structions correctly state the law, but as we read the
transcript of the evidence they are not justified by it.
As mentioned above, the testimony of Colburn was to the
effect that he did not examine the policy at the time he
received it and knew nothing of its contents or of the
false information in the application until after his in-
jury. His testimony is capable of no other construction.

Instructions Nos. 7 and 12 were therefore properly
refused by the trial court because not based upon any
fact appearing in the record.

There is a pronounced tendency in many of the state
courts to depart from the strict rule adhered to by
the Federal Supreme Court in the *Fletcher* case, *supra*,

and _Northern Assurance Co._ v. _Building Ass'n_, 183 U. S. 308, respecting the lack of authority of an insurance agent to vary the contract or waive any of its conditions. See _State Mut. Ins. Co._ v. _Craig_, 111 Pac. 325. Cooley's Briefs on the Law of Insurance, Vol. 7 Suppl., Sec. 2555a and succeeding sections contains a valuable collection of the authorities in reference to the subject under discussion. We are of course bound by the decisions of the United States Supreme Court, but even applying the doctrine of that court to the case at bar we still must uphold the verdict herein. The forfeiture of an insurance policy is not favored at law and courts are always prompt to seize hold of any circumstance to uphold the validity of a policy and where a policy has been issued and the premium therefor paid the validity of the policy should be sustained unless fraud or other dereliction upon the part of the insured, sufficient in law to vitiate it, is clearly shown. In the present case when the policy and application were returned to the insured these two documents taken together covered over sixteen pages of manuscript. We do not think the burden was upon the insured to carefully scan the application to ascertain whether false answers had been inserted therein over his signature, by a representative of the company, which might prevent recovery in case he suffered an accident. It is shocking to the sense of right and fair dealing for an insurance company to obtain the premiums of an insured year after year and then if perchance it is called upon to make good a loss to attempt to escape liability by pleading a forfeiture of the policy by reason of some technical error, of which it was the author, either in the application or the policy itself.

The exceptions are overruled.

_W. B. Pittman_ (_Andrews & Pittman_ on the brief) for plaintiff.

_W. B. Lymer_ for defendant.