**MISSOURI, K. & T. R. CO. v. PERINO.**

No. 19874— Opinion Filed April 10, 1923.

(Syllabus.)

1. **Limitation of Actions—Action for Negligent Death—Amendment of Petition—New Cause of Action.**

Where the mother, in her own right, brought action for damages because of the death of her son, alleged to have been caused by the negligence of the defendant, but failed to allege in her petition. that no personal representative had been appointed, and where, after the two-year period provided by section 5281, Rev. Laws 1910, within which the action might be brought had expired, the defendant moved for judgment on the pleadings, and thereupon the court permitted the plaintiff to amend her petition by inserting therein that no personal representative had been appointed, held, that, such amendment not being equivalent to the commencement of a new or different action, and in no respect changing the claim or defense, it was not error to permit the amendment, and such amendment related back to the beginning of the action.

2. **Trial — Demurrer to Evidence — When Sustained.**

It is only where there is no evidence introduced at the trial of a cause, reasonably tending to establish the allegations of plaintiff's petition, that the court is justified in sustaining a demurrer to such evidence and rendering judgment in favor of the defendant.

3. **Railroads—Care at Crossings—Obstructions of View.**

If a railroad company, in the ordinary conduct of its business, leaves freight cars standing upon a sidetrack at or near a public crossing, so as to partially obstruct the view of persons over such crossing, such fact of itself does not render the company liable for accidents occurring at the crossing, but merely imposes a duty of greater care both upon the company and upon those using the highway.

4. **Same—Cars on Sidetrack.**

A railroad company may properly leave its cars standing on a sidetrack on or near a public crossing for short periods when necessary in the reasonable conduct of its business, but to leave such cars upon or near the crossing so as to obstruct the view for a longer period than is necessary in the conduct of its business would be negligence.

5. **Same—Negligence—Question for Jury.**

Whether or not under all the circumstances it is the duty of the railroad company to keep its track free from obstruction is a question for the determination of the jury.

6. **Negligence—When Question of Law.**

It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of primary negligence is considered one of law.

7. **Same — Contributory Negligence — Jury Question.**

By the provisions of section 6, art. 23, of the Constitution, the defense of contributory negligence shall in all cases whatsoever be a question of fact, and shall at all times be left to the jury.

8. **Same—Contributory Negligence of Children.**

Whether a child has sufficient capacity to understand the danger involved in a certain act, so as to charge him with contributory negligence, is ordinarily a question for the jury, and it is also for them to determine under all the facts whether a child exercised such care and discretion as might reasonably be expected of one of his age, capacity, and experience situated as he was.

9. **Death—Imputed Negligence — Contributory Negligence of Parent.**

A parent who brings an action in her own right for the death of her intestate will not be allowed to recover if her own negligence contributed to the death, in the absence of wanton negligence or willful injury on the part of the defendant, and the question of contributory negligence on the part of the parent is for the determination of the jury.

Error from District Court, Coal County; R. W. Higgins, Judge.

Action by Maggie Perino against the Missouri, Kansas & Texas Railway Company for damages for negligent death. Judgment for plaintiff and defendant brings error. Reversed and remanded.

M. D. Green and H. L. Smith, for plaintiff in error.

Moore & West, for defendant in error.

NICHOLSON, J. This action was brought by the defendant in error as plaintiff below, against the plaintiff in error and Charles E. Schaff, receiver, as defendants below. to recover damages for the death of her son, alleged to have been caused by the negligence of the defendants.

A trial resulted in a verdict in favor of the receiver, and in favor of the plaintiff against the defendant railway company for the sum of $1,750, upon which judgment was duly entered, and to reverse which the railway company has appealed.

Johnnie Perino. a son of the plaintiff, was killed by being struck by one of the de-

fendant's passenger trains on Main street in the town of Lehigh, on the 13th day of May, 1905. It appears that the tracks of the defendant crossed Main street in the business section of said town; that at about 4 o'clock p. m. on the day of the accident, Johnnie Perino, who was between 7 and 8 years of age, and his sister Minnie, between 13 and 14 years of age, were on the way from their home to the post office; that it was necessary for them to cross the tracks of the defendant; that before reaching the track they met Agnes Olivie, a girl 10 years of age, and the three children went on together; that at this time a north-bound passenger train was approaching the crossing and Johnnie ran ahead of the girls and so close to the train that he was struck by one of the drive wheels of the locomotive or by the oil box on the tender, and his skull fractured, resulting in his death two days later.

The acts of negligence relied upon were that the defendant failed to provide and keep a watch at the place where the tracks crossed Main street: that it permitted cars to stand upon its sidetrack along, over, and across said street, thereby obstructing the view of Johnnie Perino, and preventing him from seeing the approaching train; that it failed to warn the deceased of the approach of the train by blowing the whistle and ringing the bell of the train as it approached such crossing; that the engineer in charge of the train failed to keep a lookout for persons approaching the tracks; that said train was operated at a dangerous rate of speed and at a greater rate of speed than ten miles per hour in violation of the city ordinance; that the engineer failed to keep the train under control so that it could be stopped from running upon or over persons on said tracks at said crossing, and failed to stop the train when the deceased was about to go upon and did go upon said track.

Various grounds for reversal are urged, the first being that the court erred in permitting the plaintiff to amend her petition so as to state a cause of action after the limitation period provided in the statute had run.

The plaintiff's petition, as originally filed, contained no allegation as to whether or not a personal representative had been appointed or applied for. At the beginning of the trial on March 6, 1919, the defendant moved the court for judgment in its favor on the pleadings and objected to the introduction of any evidence on behalf of the plaintiff on the ground that the peti-tion did not state a cause of action, where-upon the plaintiff asked for and was granted leave to amend her petition by adding the allegation: "That there is not now nor has been any administration upon his estate."

No complaint is made of the sufficiency of the petition as amended, but it is insisted that it was error to permit such amendment after the expiration of the two-year period fixed by section 5281, Rev. Laws 1910, within which the action might be brought.

It must be conceded that it was necessary for the plaintiff to set forth in her petition by proper allegations that no personal representative had been appointed in order to entitle her as next of kin to maintain the action, and without such allegation the petition failed to state facts sufficient to constitute a cause of action in her favor. Section 5282, Rev. Laws 1910; Frederick Cotton Oil & Mfg. Co. v. Clay, 50 Okla. 123, 150 Pac. 451; Chicago, R. I. & P. Ry. Co. v. Brooks, 57 Okla. 163, 156 Pac. 362; Sanders v. Chicago, R. I. & P. Ry. Co., 66 Okla. 313, 109 Pac. 891. So it becomes necessary to determine the effect of this amendment. If it had introduced a new or different cause of action and made a new or different demand, it would not have related back to the beginning of the action so as to arrest the running of the time within which the action might have been brought under the provisions of section 5281, supra; but the amendment did not introduce a new or different cause of action. The cause of action was the same, the facts pleaded and relied upon were the same, and the relief prayed for was the same. The facts which entitled the plaintiff to recover existed prior to the amendment, but she inadvertently failed to state one essential fact which entitled her to maintain the action.

In our opinion, the statement contained in the amendment was but one of the essential elements constituting her cause of action, and a failure to allege that no personal representative had been appointed merely resulted in defectively stating a cause of action, which defect could be cured by an amendment, and such amendment related back to the filing of the original petition. Section 4790, Rev. Laws 1910, provides, among other things, that the court may, before or after judgment, in furtherance of justice amend any pleading by inserting other allegations material to the case, when such amendment does

not change substantially the claim or defense. It cannot be said that the amendment permitted changed in any respect the claim or defense, and it was certainly in furtherance of justice that the amendment was made. We conclude that the court did not err in permitting the amendment, and this conclusion finds support in Motsenbacker v. Shawnee Gas & Electric Co., 49 Okla. 304, 152 Pac. 82; Missouri, K. & T. Ry. Co. v. Lenahan, 68 Okla. 73, 171 Pac. 455; and Missouri, K. & T. Ry. Co. v. Wulf, 226 U. S. 570, 57 L. Ed. 355.

It is next urged that no primary negligence of the defendant proximately contributing to the accident was shown, and that the court erred in overruling defendant's demurrer to the evidence; in submitting the case to the jury; in giving certain instructions to the jury, and in refusing to give certain instructions requested by the defendant.

The court instructed the jury that as a matter of law the defendant was not required to maintain a watchman at the crossing, thereby eliminating that charge of negligence. The other acts of negligence relied upon, which were submitted to the jury, were permitting cars to stand on the sidewalk; failure to sound the whistle and ring the bell; failure to keep a lookout for the deceased; excessive speed of the train; and failure to have the train under control.

It appears from the evidence that the tracks of the defendant run through the town in a northerly and southerly direction and cross Main street in said town practically at right angles. The street was about 90 feet wide at the point where the accident occurred and the sidewalks on each side thereof were each ten feet wide; that it was 85 feet from the east side of the right of way to the east track, or passing track, and that the main line track was 15 feet further west, the latter being the track on which the train was approaching. The deceased with his sister and another little girl were approaching from the east along the north sidewalk; there were some coal cars on the east track or passing track about 10 or 15 feet south of the sidewalk on the south side of the street. The train was about one hour late, and there is a conflict in the evidence as to its rate of speed at the crossing, and as to whether or not the whistle was sounded or the bell rung upon approaching the crossing. There was no evidence of negligence on the part of the engineer in failing to keep a lookout,

but, on the contrary, his testimony was to the effect that he saw the children from the time they reached the east boundary limits of the railway's premises near the Lehigh National Bank, and noticed the girls continue on toward the tracks, while the boy, Johnnie, stopped at the bank for an instant, and then ran toward the girls; that he ran past the girls and on toward the track, and when the engine was at the south sidewalk the engineer first realized that the boy might not stop before attempting to cross the tracks. He testified that he had previously made the application of the air brakes in the usual manner and at the usual place for making the stop at the station, a short distance north of the street crossing, and when he realized that the boy was not going to stop on overtaking the girls, he immediately applied the emergency application of the air brakes, which was all he could do to avoid the accident; that the boy did not stop, but evidently attempted to run around the engine and cross the track ahead of it; he failed in this, and ran against or fell against the rear drive wheel of the engine or the oil box on the truck of the tender. This evidence was not contradicted, but there being evidence indicating that the train was running at a speed in excess of ten miles per hour, in violation of the ordinance of the town, and there being a conflict in the evidence as to whether or not the whistle was sounded or the bell rung, this was sufficient to take the case to the jury, and the court did not err in overruling the demurrer to the evidence. The rule is that when there is any competent evidence introduced at the trial tending to establish the allegations of the plaintiff's petition, it is error for the court to sustain a demurrer to such evidence. Cole v. Missouri, K. & T. Ry. Co., 20 Okla. 227, 91 Pac. 540; Missouri, K. & T. Ry. Co v. Walker, 27 Okla. 849. 113 Pac. 907; Anoatubby v. Pennington, 46 Okla. 221, 148 Pac. 828.

It is insisted that the court erroneously submitted to the jury the charge of negligence of the defendant in having cars upon the passing track.

Undoubtedly, the railway company has a right to leave its cars upon the sidetrack in the ordinary course of its business, and might even leave its cars at a street crossing for short periods of time when necessary in the reasonable conduct of its business, and the fact that such cars partially obstructed the view of persons passing over the tracks at such crossing would not

of itself render the company liable for accidents occurring at the crossing, but imposed the duty of greater care both upon the company and upon those who used the street. But to leave such cars upon or near the street so as to obstruct the view for longer periods than is necessary in the conduct of his business would be negligence (Chicago, B. & Q. Ry. v. Roberts [Neb.] 91 N. W. 707; Buggeman v. Ilinois Central Ry. Co. [Iowa] 134 N. W. 1079, and cases there cited): and whether or not, under all the circumstances, it is the duty of the railroad company to keep its tracks free from such obstruction, is a question for the determination of the jury (Chicago, R. I. & P. Ry. Co. v. Williams, 56 Kan. 333), as is also the question of whether or not the company exercised proper care for the protection of those using the street. The instruction complained of did not permit the jury to find liability upon this fact as an independent ground of negligence, but merely coupled this act with the other grounds relied upon, and we are of the opinion that the court did not err in giving the portion of such instruction complained of.

As before stated, there was evidence to the effect that the train was traveling at a greater rate of speed than that permitted by ordinance, and there was a conflict in the evidence as to whether a warning was given by sounding the whistle or ringing a bell. The evidence also shows that the train ran past the station before it was stopped, thereby indicating that the engineer did not have the train under proper control. The question of primary negligence upon the facts presented was a question of fact for the determination of the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of primary negligence is considered one of law. Muskogee Electric Trac. Co. v. Wimmer, 80 Okla. 11, 194 Pac. 107. The question of the primary negligence of the defendant was submitted to the jury under instructions fairly stating the law, and there being evidence reasonably tending to support its verdict in this regard, the same is binding upon this court.

The only remaining question necessary to be noticed is that the trial court erred in not submitting to the jury, by proper instruction, the question of the negligence and contributory negligence of the deceased child and that of the sister and the mother, and in striking out material testimony as to the deceased child's ability to appreciate the danger.

The mother and sister testified that Johnnie was past seven years of age at the time of the accident. The sister testified that the mother, the plaintiff herein, had placed Johnnie in her care, and she further testified that she and her girl companion and Johnnie approached the railroad crossing without looking or listening for the train. The court instructed the jury that as a matter of law negligence could not be imputed to the deceased on account of his youth and frailties of mind, and refused to give an instruction requested by the defendant which properly defined contributory negligence. In this the court erred. The answer pleaded contributory negligence as a defense, and by the provisions of section 6, art. 23, of the Constitution, this defense shall in all cases whatsoever be a question of fact, and shall at all times be left to the jury. And regardless of this constitutional provision, the rule supported by the weight of authority and the better reason is that whether a child has sufficient capacity to understand the danger involved in a certain act so as to make him capable of being guilty of contributory negligence, is ordinarily a question for the jury, and it is also for the jury to determine under all the facts whether a child exercised such care and discretion as might reasonably be expected of one of his age, capacity, and experience in the situation in which he was placed (29 Cyc. 642, and cases there cited); and this conclusion is not in conflict with the case of City of Shawnee v. Cheek, 41 Okla. 227, 137 Pac. 724; and Chicago, R. I. & P. Ry. Co. v. Wright, 62 Okla. 134, 161 Pac. 1070, cited and relied upon by the defendant in error, wherein it was held that it was not error to submit the question of contributory negligence of a child to a jury.

While under the evidence the child could only be charged with such care as a child of his age and capacity would exercise under like circumstances, and while there was evidence to the effect that his mentality was below normal, yet the court was not justified in instructing the jury that as a matter of law contributory negligence could not be imputed to him; this question should have been submitted to the jury under proper instructions.

The sister testified that Johnnie knew where the railroad tracks were; that he was afraid of the train and knew the danger thereof. This testimony was stricken on motion of the plaintiff, and in this we

think the court erred. This testimony was competent for the purpose of showing the capacity of Johnnie to know and appreciate the danger, if for no other purpose.

While the court instructed the jury on the question of contributory negligence of the sister, no instruction defining contributory negligence was given, though an instruction giving a proper definition thereof was requested by the defendant and refused. The court should have defined contributory negligence and should have submitted to the jury the question of the negligence of the mother, if any, in placing Johnnie in the care of his sister, for the rule is that a parent who brings an action in her own right for the death of her intestate will not be allowed to recover if her own negligence contributed to the death, in the absence of wanton negligence or willful injury on the part of the defendant; the reason for the rule being that a person should not profit by his own wrong. Southern Ry. Co. v. Shipp, 169 Ala. 327, 53 South. 150; Stamps v. Newton County, 8 Ga. App. 229, 68 S. E. 947; Feldman v. Detroit United Ry., 162 Mich. 486, 127 N. W. 687; Gum v. Ohio River R. R. Co., 42 W. Va. 676, 36 L. R. A. 575, 26 S. E. 546.

For the reasons assigned, the judgment of the trial court is reversed, and the cause remanded for a new trial.

JOHNSON, C. J., and KANE, KENNAMER, BRANSON, and MASON, JJ., concur.