## ST. LOUIS & S. F. RY. CO. v. HARTLESS.

No. 15424—Opinion Filed Nov. 10, 1925.

1. **Master and Servant—Accidental Injury —Presumption—Primary Negligence.**

In an action for damages by a servant against the master for accidental injury, no presumption of primary negligence arises from mere proof of the accidental injury.

2. **Same—Nonliability of Master for Injuries in Use of Nondefective Tools.**

Where the tool or appliance from the use of which an injury is claimed to have resulted is shown by the evidence of plaintiff to have been suitable and adapted to the use for which it was furnished, and is nondefective either in construction or as a result of wear, and the injury complained of is referable solely to the manner of its use at the time of the injury, primary negligence is not established, since a master is not an insurer of the safety of his servants in their use of suitable and nondefective tools and appliances.

3. **Negligence—Submission of Issues—Contributory Negligence.**

Under Const., art. 23, sec. 6, the defenses of contributory negligence and assumption of risk are always questions of fact to be determined by a jury, but these, nor any other defense, do not arise until the plaintiff has made out a case of primary negligence sufficient to go to the jury.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Creek County; James Hepburn, Judge.

Action by R. J. Hartless against the St. Louis & San Francisco Railway Company. Judgment for plaintiff, and defendant appeals. Judgment vacated, and case remanded, with directions.

This action was commenced in the district court of Creek county November 6, 1922, by plaintiff filing therein his petition, in which it was alleged in substance that on and prior to August 27, 1921, plaintiff was employed by the defendant in its shops at Sapulpa in the work of repairing airbrakes on engines and cars of the defendant; that in such employment he was furnished by the defendant a small wrench for the purpose of removing certain nuts and bolts which were necessary to be removed in the repairing of the airbrake mechanism; that at the time of the injury complained of plaintiff was working on the airbrake apparatus of one of defendant's gondola cars; that the wrench furnished him for use was a plain wrench, open at one end and about five inches in length; that the nuts which he was required to loosen on this gondola car were badly rusted and required the exertion of great force to loosen them; that by reason of said wrench being only about five inches long, plaintiff could not grasp the same with both hands in exerting force to loosen the nuts, but had to loosen them by the use of only one hand; that this caused the free end of the wrench to press into the palm of his right hand in such manner as to bruise, strain, stretch and hurt the flesh, muscles, sinews and tendons of said hand, resulting in wholly disabling the same; that plaintiff had requested of his superiors in said service a longer wrench for use in this work, and that the same was promised to him, but was not furnished; that it was the duty of defendant to furnish plaintiff reasonably safe appliances with which to do his work, but that it negligently and carelessly omitted and failed to do so, and that by reason of such negligence and omission of the defendant, plaintiff has suffered damage and injury in the sum of $2,999.

For its answer defendant denied generally and specifically the allegations of plaintiff's petition; pleaded contributory negligence and assumption of risk, and further specially denied any negligence or omission on the part of the defendant in the furnishing of suitable tools and appliances. Upon the issues thus framed the cause was tried to a jury, resulting in a verdict in favor of the plaintiff in the sum of $545, upon which verdict judgment was rendered. After unsuccessful motion for new trial defendant has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

W. F. Evans and Stuart, Sharp & Cruce, for plaintiff in error.

Thompson & Smith, for defendant in error.

Opinion by LOGSDON, C. On the merits of this case defendant urges but one proposition in its brief, viz., that no actionable negli-

gence was shown. This contention was raised in the trial court at every stage of the proceedings. First, by demurrer to the petition; second, by objection to the introduction of evidence; third, by demurrer to the evidence; fourth, by motion for a directed verdict; fifth, by motion for a new trial specifically assigning as error the action of the trial court in each of the particulars above enumerated.

Upon the trial plaintiff's testimony developed facts in substantial accord with the allegations of his petition. It was further shown that plaintiff had been engaged in similar railroad work since 1904, and was an experienced man in the handling and use of wrenches. After the injury he signed a written statement in which he stated that the wrench he was using at the time of the injury was his personal property, and that there was nothing wrong with the wrench, only it was a little too short. On the witness stand plaintiff repudiated this portion of his signed statement, but confirmed it in all other respects. The wrench was not produced on the trial.

From the pleadings and facts heretofore abstracted, it is clearly apparent that the question raised and presented in the trial court by the various demurrers and motions was one of law as to the existence of primary negligence. It is elementary that in an action by an employe against his employer, the fact of accident and resulting injury raises no presumption of primary negligence on the part of the employer, but such negligence is an affirmative fact necessary to be shown by the allegations of the petition and to be established by the evidence. Unless this essential prerequisite to the right of recovery is made to appear, no case is made for submission to a jury.

There is neither allegation nor proof in the instant case that the wrench furnished to plaintiff was defective in any respect. The jaws fitted the nuts which they were intended to turn, and they were not worn so as to cause the wrench to slip when force was exerted on it. The fact that it did fit the nut and did not slip enabled the plaintiff to exert the force against it which he claims resulted in the injury to his hand. But it is contended that the wrench was too short to afford sufficient leverage in loosening rusted nuts. It is shown to have been the kind of wrench made and furnished for such use, and that the space in which it was designed to be used was limited and confined. It was shown to be customary in such work, by reason of the short wrenches and the limited space in which to use them, to employ a hammer in loosening rusted nuts. A hammer was included in plaintiff's kit of tools. As was said by Justice Burford in the case of Neeley v. Southwestern Cotton Seed Oil Co., 13 Okla. 356 (sp. cit. 374), 75 Pac. 537:

"The company was not required to furnish the best or latest patterns, or most modern designs of * * * appliances, but was bound to provide such as were reasonably safe and free from dangerous defects, and was required to exercise reasonable care and caution in the selection and maintenance of that character of appliances that it did provide and use."

Or, as was said in Young v. Burlington Wire Mattress Co. (Iowa) 44 N. W. 693:

"But defendant is not required to use appliances so constructed that no injury can be inflicted by them under any circumstances. They must provide for their employes such appliances, so constructed, that they may be used, in the exercise of due care, with reasonable safety."

It is in evidence in the instant case that there were longer wrenches in defendant's shops than the one used by plaintiff, and that these longer wrenches would fit the nuts which plaintiff was loosening. It is not shown that he requested or was refused their use. There is also evidence of declarations by plaintiff that the wrench he was using when injured was his personal property. Plaintiff had used this particular wrench for approximately two months, and had been engaged in this character of work since 1904. Prior to his injury he had requested his foreman to order a different wrench for him, which was done, but the foreman later advised him that the kind of wrench he wanted could not be procured from the company's supply depot.

It is contended by plaintiff in support of the judgment that, since the questions of assumption of risk and of contributory negligence are by the Constitution made jury questions in all cases where these defenses are interposed, it must follow that a judgment based on a verdict in this character of action must be sustained. A complete answer to this contention was made by Judge Ames in the case of Phoenix Printing Co. v Durham, 32 Okla. 575 (sp. cit. 579), 122 Pac. 708, in this language:

"Under section 6 of article 23 of the Constitution, the defense of contributory negligence and of assumption of risk must be submitted to the jury. Whether the court should sustain a motion for new trial, where the jury has manifestly found against the law and the evidence on these issues, is a question which we need not now determine.

"The law, however, does not require the primary question of the defendant's negligence to be submitted to the jury unless there is evidence reasonably tending to support the plaintiff's burden of proof on this subject. If the evidence reasonably tends to show that the defendant is negligent, then these defenses must be submitted to the jury. But until the evidence reasonably tends to show negligence on the part of the defendant, there is no issue which should go to a jury. Solts v. Southwestern Cotton Oil Co., 28 Okla. 706, 115 Pac. 776."

It is clearly evident, from an examination of the evidence preserved in the record, that the wrench which defendant furnished to plaintiff, if in fact defendant furnished it and it was not plaintiff's personal property, was not defective; that its jaws fitted the nuts which it was designed to turn, and that it was not worn or broken so as to cause it to slip when force was exerted thereon. This being true, no primary negligence was shown. The injury complained of has relation to the manner of its use. An employer is not an insurer of the safety of his employes in their use of suitable and nondefective appliances.

It follows from what has been said, that the trial court erred in overruling the demurrer of defendant to the evidence of plaintiff, and in denying defendant's motion for a directed verdict. The judgment of the trial court is therefore vacated, and the cause remanded with directions to the trial court to enter an order sustaining the demurrer of defendant to plaintiff's evidence and dismissing the action.

By the Court: It is so ordered.

Note.—See under (1) 26 Cyc. p. 1411. (2) 26 Cyc. pp. 1102, 1149. (3) 26 Cyc. pp. 1478, 1482; 29 Cyc. p. 506; 49 L. R. A. (N. S.) 205; 18 R. C. L. p. 622; 5 R. C. L. Supp. p. 995.