## CITY OF TONKAWA v. DANIELSON.

No. 21690.   Nov. 28, 1933.

W. W. Davis, for plaintiff in error.

J. E. Curran, for defendant in error.

OSBORN, J.   This action was commenced in the district court of Kay county by Wilbur Danielson, as guardian of Naomi Danielson, a minor, against the city of Tonkawa for damages for personal injuries suffered by the said Naomi Danielson. The cause was tried to a jury, who returned a verdict in favor of plaintiff in the sum of $725, upon which judgment was rendered by the court, and from which the defendant has appealed. The parties will be referred to as they appeared in the trial court.

The petition alleges that defendant was the owner and keeper of a brown grizzly bear, which was kept in a cage on a vacant lot in the business section of the town; that on September 15, 1928, the plaintiff was playing near the bear's cage and the bear reached through the bars of said cage with its paws and grabbed the right foot of said plaintiff and bit said foot, inflicting an injury causing plaintiff great physical and mental pain; that she was confined to the hospital for about ten days and incurred hospital bills, doctor bills, and drug bills, was compelled to be absent from school for about six weeks, and suffered permanent injury to her foot.

Defendant admits ownership of the bear, but alleges that it is not a vicious animal, having been in captivity since it was very young, and pleads contributory negligence on the part of the plaintiff. The record shows that at the time of the injury the bear was about half grown. Plaintiff was 14 years old.

The defendant contends that it is not liable for the injuries sustained by plaintiff unless it is shown that it was chargeable with knowledge that the bear was a vicious animal, and that since other persons had petted and handled the bear and the bear had never previously shown any evidence of viciousness, defendant was not chargeable with such knowledge.

The liability of owners and keepers of various kinds of animals is discussed in 3 C. J. p. 87, as follows:

"For the purpose of determining the rules of law applicable to cases involving injuries committed by animals, they may be divided in five general classes, namely: (1) Animals ferae naturae, of known savage and vicious nature, as bears, lions, tigers; (2) animals ferae naturae which generally may be domesticated or tamed as to lose their native ferocity, as bees, monkeys, etc., (3) domestic animals which are known by their owner or keeper to be vicious; (4) domestic animals not known by their owner or keeper to be vicious, and (5) domestic herbivorous animals prone to wander and consume crops, grass and herbage.

"While it is not in itself unlawful for a person to keep wild beasts, although they may be such as are of a nature fierce, dangerous and irreclaimable, yet it is the duty of those who own or keep them to do it in such a manner as will absolutely prevent the occurrence of an injury to others through the vicious acts of the animals as they are naturally inclined to commit; and for any injury they may do to others the person keeping them is liable, irrespective of any questions of negligence or knowledge of previous acts showing a vicious disposition. It is immaterial that an animal is to some extent domesticated; for the natural wildness and ferocity of its nature but sleep, and are liable to be awakened suddenly and unexpectedly on some provocation. It seems, however, that proof of its customary kind disposition, and that no former injury had been done by it, may be made in reduction of damages."

The early English authorities announced the doctrine of absolute liability on the part of the owner or keeper of an animal ferae naturae, for all injuries inflicted by such animal irrespective of the negligence of the owner, or of contributory negligence on the part of the injured person. May v. Burdett, 9 Q. B. 101, 115 E. R. 1213. The doctrine is now somewhat relaxed in England and in the United States. Marlor v. Ball, 16 R.

L. R. (England) 239, Eng. Rep. Ann. 1900, p. 2585; Vaughan v. Miller Bros., "101" Ranch Wild West Show (W. Va.) 153 S. E. 289, 69 A. L. R. 497.

In the case of Congress & Empire Spring Co. v. Edgar, 99 U. S. 645, 25 L. Ed. 488, it is said:

"Certain animals ferae naturae may doubtless be domesticated to such an extent as to be classed, in respect to the liability of the owner for injuries they commit, with the class known as tame or domestic animals. But inasmuch as they are liable to relapse into their wild habits and become mischievous, the rule is that if they do so, and the owner becomes notified of their vicious habit, they are included in the same rule as if they had never been domesticated, the gist of the action in such case, as in the case of untamed wild animals, being not merely the negligent keeping of the animal, but the keeping of the same with knowledge of the vicious and mischievous propensity of the animal."

The case of Opelt v. Al G. Barnes Co. (Cal.) 183 P. 241, involved an injury to a boy 10 years of age who was scratched in the face by a leopard, inflicting an injury to his eye, while the boy was attending defendant's circus. The court therein said:

"The complaint being predicated upon the keeping by defendant of a vicious and dangerous animal, known to defendant to be such, would have been sufficient without alleging negligence on the part of defendant. Congress & E. Spring Co. v. Edgar. 99 U. S. 645, 25 L. Ed. 487; 3 C. J. sec. 358. Such averment, if made, may properly be treated as surplusage. C. J., supra. The question of the owner's negligence is not in the case. Clowdis v. Fresno Flume Co., 118 Cal. at page 321, 50 Pac. 373, 62 Amer. St. Rep. 238. * * *

"The gist of the action is not the manner of keeping a vicious animal, but the keeping him at all with knowledge of the vicious propensities. Hammond v. Melton, 42 Ill. Appeals 186. In such instances the owner is an insurer against the acts of the animal, to one who is injured without fault and the question of the owner's negligence is not in the case. Laverone v. Mangianti, 41 Cal. 138, 10 Amer. Rep. 269; Clowdis v. Fresno Flume Co., supra."

In the case of Bottcher v. Buck (Mass.) 163 N. E. 182, it is said:

"Question whether owner of premises on which bears were kept, who maintained a candy and confectionery stand for sale of candy to public for feeding the bears, was liable for injuries inflicted by bear, as keeper thereof, held one of fact for jury."

In the body of the opinion it is said:

"The owners or keepers of dangerous animals take the risk of so keeping them that they will not injure people invited upon the premises who are in the exercise of due care. The liability of the defendants for injuries by a bear kept by them does not depend on proving knowledge of previous acts showing a vicious disposition. Their negligence is in keeping an animal belonging to a class which, from the experience of mankind, is dangerous. Marble v. Ross, 124 Mass. 44, 47; Filburn v. Peoples' Palace and Aquarium Co., Ltd., 25 Q. B. D. 258, 261."

In the case of Hayes v. Miller (Ala.) 43 So. 818, 11 L. R. A. (N. S.) 748, it is said:

"One in possession and control of a ferocious wolf on a public highway is liable, whether he is the owner or not, for injuries inflicted by it on another person."

In the instant case the defendant, through its duly constituted officials, was charged with the general knowledge that a bear by nature is a dangerous and vicious animal, and even though it had been in captivity from the time it was a small cub and did not usually manifest a vicious disposition, yet by its nature it might reasonably be expected that its inherently dangerous and vicious disposition, at some time, would manifest itself. Defendant was also charged with the knowledge that children would be attracted to the vicinity of the cage, and the question as to whether or not the defendant city, through its duly constituted officials, exercised proper care and caution in surrounding the cage with safeguards is a question of fact, which was properly submitted to the jury.

Although there is some inconsistency in the later authorities, it may be said that the early doctrine of absolute liability has been modified to the extent that contributory negligence may be pleaded and proved as a matter of defense, and a verdict based on conflicting proof of contributory negligence will not be disturbed on appeal. Opelt v. Al G. Barnes, supra.

The issue of contributory negligence constituted the burden of the defense in the instant case. It will not be necessary to discuss the evidence offered by defendant for the reason that under our Constitution and a great array of authorities the question of contributory negligence is, without exception, a question to be determined by the jury. Sec. 6, art. 23, Constitution; Cleveland v. Stanley, 155 Okla. 272, 9 P. (2d) 10; Midland Valley R. Co. v. Barnes, 162 Okla. 44, 18 P. (2d) 1089; St. Louis-

S. F. R. Co. v. Hartless, 115 Okla. 38, 241 P. 482; Mascho v. Hines, 91 Okla. 295, 217 P. 856; Mo., K. & T. R. Co. v. Perino, 89 Okla. 136, 214 P. 507.

Defendant further contends that the verdict of the jury, under the facts of the case, is excessive. In determining whether or not a verdict is excessive, each case must be ruled chiefly on its own facts and circumstances. Sand Springs Ry. Co. v. McGrew, 92 Okla. 262, 219 P. 111. In the instant case, although permanent damage to plaintiff's foot was alleged, it was agreed at the trial that no permanent damage was suffered. Although the record is not clear on the point, it is stated in the briefs that the defendant paid the hospital and doctor bills, and we assume this to be true. Plaintiff was a child without income, and, although losing three months out of school, managed to make her grades for the year. It therefore develops that the only element of damage involved is that of pain and suffering. However, the jury passed upon this question. The record does not disclose excessiveness.

The judgment of the trial court is affirmed.

RILEY. C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS. McNEILL, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent.