### RUSSELL v. MARGO.

No. 26872. Jan. 19, 1937.

Rehearing Denied April 20, 1937.

Dudley, Hyde, Duvall & Dudley and Hudson & Hudson, for plaintiff in error.

Twyford & Smith and William J. Crowe, for defendant in error.

PER CURIAM. In this opinion, the parties plaintiff and defendant will be referred to as they appeared in the lower court.

This is an action for damages for personal injuries, originally brought in the district court of Oklahoma county by Elias Margo, as next friend of Donald Margo, against the Russell Petroleum Company, a corporation, and Frank Russell. It is alleged in effect that Donald Margo, a boy of seven years of age, was riding a bicycle, traveling east on Nineteenth street in Oklahoma City; that he was in plain sight of the defendant Russell, who was traveling north on Linn avenue toward its intersection with Nineteenth street; that Donald Margo turned south into Linn avenue, and that at a point just a few feet south of the intersection of said streets a collision occurred in which Donald Margo was seriously injured. It is further contended that such collision and consequent injuries occurred because of the negligence and carelessness of the said Russell, in that he failed to stop the automobile which he was driving, or to otherwise steer the same so as to avoid such collision, and that he could have prevented such collision and consequent injuries by the exercise of ordinary care after he saw and observed Donald Margo.

By reason of such alleged negligence and injuries, plaintiff seeks judgment against Frank Russell individually, and against the Russell Petroleum Company, it being further claimed that Frank Russell was acting as the agent and representative of the Russell Petroleum Company at the time of such injury.

The Russell Petroleum Company answered, admitting that it is a corporation, but denying generally the allegations of the petition; further denying that Frank Russell was acting as its agent, servant or employee at the time of the injury, and pleading that the proximate cause of the injury was negligence on the part of Donald Margo.

The defendant Frank Russell likewise answered, denying generally the allegations of the petition and pleading that the proximate cause of the injury was the negligence and want of care of Donald Margo.

The cause was tried to a jury and demurrers to the evidence were interposed by both the Russell Petroleum Company and Frank Russell. The demurrer was sustained as to the Russell Petroleum Company, but overruled as to Frank Russell. Thereupon, Frank Russell, having introduced his evidence and both parties having rested, the court proceeded to instruct the jury, and after due deliberation the jury returned a verdict in favor of the defendant Frank Russell.

Subsequently, and within the statutory time, a motion for new trial was filed by the plaintiff and the same was presented to the trial court and by him taken under advisement from the date of the hearing on April 19, 1935, to July 8, 1935, at which time the motion was sustained and a new trial was granted.

From this order granting such new trial, the defendant Frank Russell appeals to this court and asks that said order granting such new trial be vacated on the ground that the trial court in sustaining such motion acted arbitrarily and clearly abused its discretion.

The motion which was presented to the trial court sets up the following grounds for a new trial:

(1) Irregularity in the proceedings of the court and jury by which the plaintiff was prevented from having a fair and impartial trial.

(2) Misconduct of the jury and prevailing party.

(3) Accident and surprise which ordinary prudence could not have guarded against.

(4) That the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

(5) Error of law occurring at and during the trial in instructions of the court given to the jury over the exception of the plaintiff in each and every instruction excepted to, and particularly in the instruction on contributory negligence given by the court, which incorrectly stated the law under the facts and evidence in the case, and which was excepted to by the plaintiff and exceptions were allowed and given.

(6) Errors of law occurring at and during the trial in that the court refused to give two certain instructions requested by

the plaintiff, to wit, the requested instruction on contributory negligence affecting the duty and obligations of an infant seven years of age, which refusal was excepted to by the plaintiff, and further in refusing to give a certain instruction on one of the grounds of negligence requested by the plaintiff and refused and excepted to.

(7) Newly discovered evidence, material for the plaintiff, which could not, with reasonable diligence, have been discovered and produced at the trial.

In this state, the trial court is given a broad discretion in passing upon motions for new trial which are filed in due time, but it may not act arbitrarily, and clearly, if on any or either of the grounds set up in said motion, the trial court would, in the exercise of a reasonable discretion, be justified in granting a new trial, his act in so doing would not be disturbed by this court.

The general rule has been stated in many cases. In the case of Smith v. City of Tulsa, 172 Okla. 515, 45 P. (2d) 689, in paragraph 1 of the syllabus the rule is set out in the following language:

"Trial court's action in sustaining motion for new trial will not be disturbed by appellate court unless trial court acted arbitrarily or clearly abused its discretion or manifestly erred in some pure, simple and unmixed question of law."

In the body of the opinion in the above case the court refers to and quotes with approval the case of KKK Medicine Co. v. Harrington, 83 Okla. 201, 201 P. 496, as follows:

"* * * Where such judgment on presentation of a motion for new trial sustains such motion, it will require a clear showing of manifest error and abuse of discretion before an appellate court would be justified in reversing such ruling of the trial court."

We think the foregoing quotations clearly state the rule in this jurisdiction. We may best measure the court's action in the case at bar by the foregoing rule, if we consider separately each ground of the motion for new trial.

Ground No. 1 is clearly a mere formal ground and not seriously relied upon, as there are no irregularities in the proceedings of the court or on the part of the jury or the defendant apparent in the record, which prevented the plaintiff from having a fair and impartial trial, nor are any such irregularities mentioned anywhere in plaintiff's brief.

Grounds Nos. 2, 3 and 7 are identical with the grounds bearing the same numbers set out in section 398, Okla. Stats. 1931. Relative to these grounds, section 401, Okla. Stats. 1931, contains the following provisions:

"The application must be by motion, upon written grounds, filed at the time of making the motion. The causes enumerated in subdivisions 2, 3, 7 and 9 of section 5033 (398) must be sustained by affidavit showing their truth and may be controverted by affidavits."

In the case of Piersol v. State, 122 Okla. 124, 254 P. 104, this court held that the statutory requirements relative to the filing of motions for new trial are mandatory.

Grounds 2, 3, and 7, not being supported by affidavit as required by section 401 above, could not have been by the trial court made the basis for granting a new trial. Furthermore, grounds 1, 2, 3, and 7 are not argued or urged by plaintiff in his brief, and must be treated as abandoned. Clearly, then, if the order sustaining the motion for new trial was based on either of these four grounds, it constituted an error of the trial court on an unmixed matter of law, as well as an abuse of discretion. As a matter of fact, it would possess no discretion whatever to grant a new trial on these grounds under the record in this case.

Ground No. 4 raises the question of the sufficiency of the evidence to sustain the verdict of the jury. The examination of the record in this case clearly shows that there is not only sufficient evidence to sustain the verdict of the jury, but rather that it is sustained by the overwhelming weight of the evidence. We are of the opinion that there is not sufficient evidence in the case to have justified a verdict in favor of the plaintiff if the jury had rendered it; nor does the verdict appear to be contrary to the law.

Ground No. 5 is directed at the alleged errors in the instructions of the court, but on examination it will be seen that the only instruction to which plaintiff excepted was No. 13, which reads as follows:

"You are instructed that the defendant has pleaded as one of his defenses what is known as contributory negligence on the part of the minor child, Donald Margo.

" 'Contributory negligence,' as used in these instructions and as the same has application to this case, means want of ordinary care on the part of Donald Margo at the time of the injury which proximately contributes to the injury. If you find from the evidence that at the time of the accident that the minor child Donald Margo was not exercising that degree of care and caution reasonably to be expected from an ordinarily prudent person of the age of Donald Margo under similar circumstances, and that his failure to so exercise such degree of care and caution was the proximate cause of the injuries which he received, that is, that the

injuries were the natural and probable result of such failure to exercise care and caution, then the plaintiff cannot recover and your verdict should be for the defendant.

"You are instructed that the burden of contributory negligence, as alleged in the defendant's answer, is upon the defendant unless the plaintiff's own evidence shows that the plaintiff was guilty of such contributory negligence as proximately caused or contributed to the injuries to the plaintiff."

Likewise, this is the only instruction to which plaintiff objects in his brief.

We believe that this instruction, taken in connection with the rest of the instructions of the trial court, fairly states the law of contributory negligence, and that if the trial court granted a new trial because he has reached the conclusion that this instruction was erroneous, then in so doing he erred on an unmixed question of law.

This leaves only ground No. 6 to be considered. This alleged error is predicated upon the refusal of the trial court to give instruction No. 12 requested by the plaintiff. This requested instruction reads as follows:

"You are instructed that the defendant has alleged in his answer that the infant child Donald Margo was guilty of contributory negligence which directly contributed to the injuries. In this connection you are instructed that the burden of proof is upon the defendant to establish contributory negligence by a preponderance of the evidence, but in this connection you are further instructed that a child of seven years of age is presumed to be incapable of being guilty of contributory negligence, and unless you find and believe from the evidence that this particular child was capable of understanding the consequences of his own acts, and furthermore was guilty of contributory negligence, that then the defense of contributory negligence could not prevail. You are further instructed that the burden of proof is upon the defendant not only to prove contributory negligence but to prove that this particular child was capable of being guilty of contributory negligence."

Certainly no error was committed here, as this requested instruction does not correctly state the law, and if the trial court granted a new trial because he thought he had erred in refusing to give this instruction, then here again he erred on a pure, unmixed question of law.

In this requested instruction, plaintiff requested the trial court to arbitrarily instruct the jury that a seven year old child is presumed to be incapable of contributory negligence. There is no such presumption of law. Article 23, section 6 of the Constitution of Oklahoma, reads as follows:

"The defense of contributory negligence or of assumption of risk shall in all cases whatsoever be a question of fact, and shall at all times be left to the jury."

In the case of St. L.-S. F. Ry. Co. v. Robinson, 99 Okla. 2, 225 P. 986, in paragraph 5 of the syllabus, this court said:

"Article 23, section 6 of the Constitution of Oklahoma, is not merely declaratory of the common law, but requires that the defense of contributory negligence and assumption of risk as to questions of fact in all cases whatsoever shall at all times be left to the jury, and the finding of the jury upon these defenses is conclusive upon the court."

We know of no case which holds that a different rule would apply to a minor. As a matter of fact, this court has held in a number of cases that the same rule does apply to minors. City of Tonkawa v. Danielson, 166 Okla. 241, 27 P. (2d) 348; M., K. & T. Ry. Co. v. Perino, 89 Okla. 136, 214 P. 907; Morris v. White, 177 Okla. 489, 60 P. (2d) 1031.

In the case of City of Tonkawa v. Danielson, supra, we use this language:

"The issue of contributory negligence constituted the burden of the defense in the instant case. It will not be necessary to discuss the evidence offered by defendant, for the reason that under our Constitution and a great array of authorities the question of contributory negligence is, without exception, a question to be determined by the jury. Section 6, art. 23, Constitution; Cleveland v. Stanley, 155 Okla. 272, 9 P. (2d) 10; Midland Valley R. Co. v. Barnes, 162 Okla. 44, 18 P. (2d) 1089; St. Louis & S. F. R. Co. v. Hartless, 115 Okla. 38, 241 P. 482; Mascho v. Hines, 91 Okla. 295, 217 P. 856; Missouri, K. & T. R. Co. v. Perino, 89 Okla. 136, 214 P. 907."

In our opinion the granting of a new trial to the plaintiff, under the record in this case, was arbitrary and constituted an abuse of discretion on the part of the trial court.

In the case of Spruce v. Chicago, R. I. & P. R. Co., 139 Okla. 123, 281 P. 586, this court said:

"The courts everywhere recognize the right of an appellate court to review the action of a trial court in sustaining motions for new trials where there has been an abuse of discretion or arbitrary action. Otherwise, the complete right of appeal could be denied in most instances, and in fact all instances. For example, the court could repeatedly in the same cause set aside the verdict of the jury and grant a new trial on the insufficiency of the evidence, and thereby deprive the party who obtained the verdict of the benefit of a complete right of appeal. In other words, to vest in the trial courts absolute discretion as

to questions of fact or mixed questions of law and fact would be an absolute barrier between the aggrieved litigant and the Supreme Court."

We agree with the holding of the court in the above case, and where the issue is properly presented on appeal, this court will review the entire record to determine whether or not the trial court in granting a motion for new trial has abused its discretion, acted arbitrarily, or erred on some unmixed question of law.

In the great majority of cases, even where this court has upheld the action of the trial court in sustaining a motion for a new trial, it has by inference adopted the above doctrine, since it has almost without exception qualified its decision upholding the powers of the trial court by excepting those cases where there has been an abuse of discretion, or where the court has acted arbitrarily, or where it has erred in ruling on unmixed questions of law.

In the case of Poynter v. Beacon Falls Rubber Co., 115 Okla. 245, 242 P. 563, in paragraph 3 of the syllabus, this court says:

"The granting of a new trial is largely within the reasonable judicial discretion of the trial court, and this court will not reverse an order granting a new trial unless error is clearly shown in respect to some pure, simple and unmixed question of law, but, when it appears from the record there was no sufficient ground for a new trial alleged by the complaining party, and none otherwise is shown, this court will presume none existed and that the trial court abused its discretion in making the order, and will reverse the same."

We think that this last-mentioned case clearly states the rule of law in this jurisdiction so far as it goes, but that the power of this court to reverse the order of the trial court in sustaining motions for new trial is not limited to those cases alone where the trial court has erred on some unmixed question of law, but that it extends also to those cases wherein the action of the trial court in granting such new trial is arbitrary or clearly shows an abuse of discretion.

While we recognize the rule that the trial court has a very broad discretion in the granting of new trials, we likewise declare the rule to be that if in granting a new trial the trial court acts arbitrarily or abuses its discretion, or if it, in granting such new trial errs in some unmixed matter of law, its order will be reversed.

We hold that in this case the record discloses that in granting the motion of the plaintiff for a new trial, the trial court acted in an arbitrary manner, and clearly abused its discretion.

The order of the trial court granting a new trial is therefore reversed, with instructions to said court to enter an order overruling and denying said motion.

The Supreme Court acknowledges the aid of Attorneys Wm. G. Davisson, Earl Q. Gray, and Stephen A. George in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. The analysis of law and facts was prepared by Mr. Davisson and approved by Mr. Gray; Mr. George dissented to the opinion as prepared by Mr. Davisson. Thereafter the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. RILEY and BUSBY, JJ., absent.