## WITT v. HOUSTON et ux.

No. 35145. June 10, 1952.

Rehearing Denied July 29, 1952.

*246 P. 2d 753.*

Wesley E. Disney, Joe B. Houston, Gerald B. Klein, James P. Melone, and Henry Kolbus, Tulsa, for plaintiff in error.

W. P. Z. German, George Downey, and Truman B. Rucker, Tulsa, for defendants in error.

DAVISON, J. This is an action brought by Sidney Witt III, a minor, by and through his father and next friend, Sidney Witt, Jr., as plaintiff to recover from V. J. Houston and Olive Houston, as defendants, damages for personal injuries received when struck by an automobile being driven by the said Olive Houston on a street in the city of Tulsa, Oklahoma. The parties will be referred to as they appeared in the trial court.

The plaintiff was a five year old boy, living with his parents in their home located on 36th street in Tulsa, Oklahoma. The house was on the north side of the street about in the middle of the block. To the west was the intersecting north and south street, Peoria, where there was a school crossing supervised by a policeman. To the east was Quincy avenue and one block further was Rockford avenue. Between Quincy and Rockford avenues and on the south side of 36th street was the Elliott grade school where plaintiff attended kindergarten. In other words, across the street from and one block east of the Witt residence was the school.

This accident happened at near 8:30 o'clock on the morning of November 22, 1948. Mrs. Houston was taking her children to school, driving her Chevro-

let automobile. She had come north on Rockford avenue along the east side of Elliott School to 36th street where she turned west. She had crossed Quincy avenue and was approaching Peoria avenue where there was a stop sign and the school crossing. When she had reached a point in front of the driveway to the Witt home, plaintiff came out of the driveway attempting to cross 36th street on his way to kindergarten. He ran into or was struck by the right front fender of defendant's car. The testimony is in conflict as to the speed at which the car was traveling and as to whether plaintiff was running or walking. The child was seriously hurt and underwent prolonged medical and surgical treatment and hospital confinement. A trial of the case to a jury resulted in a verdict and judgment for defendants and plaintiff has perfected this appeal therefrom. Three propositions are here presented and we will consider them in the order in which they are argued in the briefs.

Plaintiff takes the position that the trial court erred in submitting the issue of contributory negligence to the jury because the plaintiff, being five years of age, could not be guilty of contributory negligence. The trial court's instruction to the jury to which exception was taken is as follows:

"You are instructed that a child 5 years of age, such as the plaintiff was at the time of the alleged injuries, is incapable of committing a crime and therefore, is not charged with knowledge of any specific statutes or ordinances, with reference to traffic, which may regulate the crossing of streets.

"However, whether a child has sufficient capacity to understand the danger involved in a certain act, so as to charge him with contributory negligence, is a question for the jury, and it is also for the jury to determine under all the facts and circumstances whether a child exercised such care and discretion as might be reasonably expected of a child of his age, capacity, and experience under the same or similar circumstances.

"You are further instructed that the conduct of a child 5 years of age is not of necessity to be judged by the same rule which governs an adult or grown person. While it is the general rule in regard to an adult or grown person, that to entitle him to recover damages for an injury resulting from the fault, or negligence of another, he must have been free from fault; such is not the rule in regard to a child of tender years. The care and caution required of a child is according to its maturity and capacity and he is bound to exercise such a degree of care as children of his age may be presumed capable of exercising.

"You are, therefore, instructed that contributory negligence as used in these instructions is such an act or omission on the part of the plaintiff, which amounted to the want of such child care on his part, and which concurring or co-operating with the negligence, if any, of the defendant, is the proximate cause or occasion of the injuries complained of by the plaintiff. If you find from the evidence that the plaintiff failed to use such child care, and such failure on his part contributed in any degree to the plaintiff's injuries, as the proximate cause or occasion thereof, then your verdict must be for the defendant.

"And, in this connection, you are instructed that the burden of proof is upon the defendants to establish the defense of contributory negligence by a preponderance of the evidence, unless the same is established by the evidence of the plaintiff."

Plaintiff's argument is founded primarily upon the provisions of 21 O.S. 1941 §152, pars. 1 and 2, to the effect that:

"All persons are capable of committing crimes, except those belonging to the following classes:

"1. Children under the age of seven years.

"2. Children over the age of seven years, but under the age of fourteen years, in the absence of proof that at the time of committing the act or neglect charged against them, they knew its wrongfulness. * * *"

Cited in support of the proposition are the opinions of this court in the cases of Chicago, R. I. & P. Ry. Co. v. Baroni, 32 Okla. 540, 122 P. 926; City of Shawnee v. Cheek, 41 Okla. 227, 137 P. 724; Chicago, R. I. & P. Ry. Co. v. Wright, 62 Okla. 134, 161 P. 1070; and Phillips Pet. Co. v. Matthesen, 171 Okla. 541, 44 P. 2d 56. The cited cases, however, do not reach the conclusion contended for by plaintiff. In all of them, the instructions were upheld. Some statements in the bodies of the opinions might be construed to have a meaning other than that intended unless it is borne in mind that, except for the Baroni case, the propositions before the court were whether or not, in the case of an attractive nuisance, a child of tender years can be guilty of more than a technical trespass and to what extent a jury can consider the trespass in ascertaining guilt of contributory negligence.

The following rule, as stated in the case of Missouri, K. & T. Ry. Co. v. Perino, 89 Okla. 136, 214 P. 907, and as followed and quoted in the case of Jenkins v. Davis, 111 Okla. 191, 239 P. 135, is controlling in the case at bar, to wit:

" * * * The answer pleaded contributory negligence as a defense, and by the provisions of section 6, art. 23, of the Constitution, this defense shall in all cases whatsoever be a question of fact, and shall at all times be left to the jury. And regardless of this constitutional provision, the rule supported by the weight of authority and the better reason is that whether a child has sufficient capacity to understand the danger involved in a certain act so as to make him capable of being guilty of contributory negligence is ordinarily a question for the jury, and it is also for the jury to determine under all the facts whether a child exercised such care and discretion as might reasonably be expected of one of his age, capacity, and experience in the situation in which he was placed. 29 Cyc. 642, and cases there cited. And this conclusion is not in conflict with the case of City of Shawnee v. Cheek, 41

Okla. 227, 137 P. 724, 51 L. R. A. (N.S.) 672, Ann. Cas. 1915C, 290, and Chicago, R. I. & P. R. Co. v. Wright, 62 Okla. 134, 161 P. 1070, cited and relied upon by the defendant in error, wherein it was held that it was not error to submit the question of contributory negligence of a child to a jury."

As was said in the case of Davis v. Bailey, 162 Okla. 86, 19 P. 2d 147,

"It is true that a child of tender years should not be held to the same degree of care and caution required of an adult and that a jury should be so instructed in cases of this kind; * * *" but,

"A review of the authorities discloses that no court has attempted to fix the exact age at which a child may be guilty of contributory negligence. The general rule is that there are other factors such as intelligence, experience, discretion, previous training, maturity, alertness, and the nature of the danger encountered, which are to be taken into consideration as well as the age of the child."

The rule stated in the case of City of Tonkawa v. Danielson, 166 Okla. 241, 27 P. 2d 348, is controling in all cases where contributory negligence is an issue and there is evidence supporting it. It is as follows:

" * * * under our Constitution and a great array of authorities the question of contributory negligence is, without exception, a question to be determined by the jury. Section 6, art. 23, Constitution; Cleveland v. Stanley, 155 Okla. 272, 9 P. 2d 10; Midland Valley R. Co. v. Barnes, 162 Okla. 44, 18 P. 2d 1089; St. Louis & S.F.R. Co. v. Hartless, 115 Okla. 38, 241 P. 482; Mascho v. Hines, 91 Okla. 295, 217 P. 856; Missouri, K. & T. R. Co. v. Perino, 89 Okla. 136, 214 P. 907."

The instruction complained of herein was proper and in harmony with the above-quoted rules.

The next question presented is the alleged error of the trial court in giving to the jury the following instruction:

"You are instructed that the negligence, if any, on the part of the plaintiff's mother, cannot be imputed to the plaintiff so as to prevent the plaintiff from recovering, if the plaintiff otherwise would be entitled to recover under the evidence and the instructions herein given. However, if you fail to find that the plaintiff's injuries were the proximate result of the defendant's negligence, or find that the plaintiff's injuries were the sole proximate result of the plaintiff's mother's negligence, then and in either of such events the plaintiff cannot recover. However, if you find that the negligence, if any, of defendant Olive Houston and the negligence of the plaintiff's mother, if any, concurred to produce the injuries complained of, so that it would not have happened in the absence of either, then the negligence of the defendant, Olive Houston, would be the proximate cause of the injuries complained of and the plaintiff would be entitled to recover, unless he was guilty of contributory negligence as herein explained."

Plaintiff argues that the first sentence in the instruction properly states the law but that the remainder thereof was "unnecessary, uncalled for and confusing to the jury." It seems to be plaintiff's theory that by virtue of this instruction the jury might impute any negligence of the mother to the plaintiff. We do not so interpret it. While the instruction, standing alone, might be subject to some criticism, yet it correctly states the law, and all the instructions, taken as a whole, fairly submit the issues to the jury, and it does not appear probable that the jury was or could have been misled thereby. Under these conditions, the giving of the instruction does not constitute reversible error. H. A. Marr Gro. Co. v. Jones, 204 Okla. 183, 228 P. 2d 388.

The last proposition presented is to the effect that the trial court erred in not instructing the jury that:

"An operator of a motor vehicle must keep a reasonably careful lookout so that collisions may be avoided with persons or vehicles upon the highway or street."

The court did instruct the jury that:

"And in this connection you are instructed that, even independent of any city ordinances, all persons operating motor vehicles on the highway owe to the public and other vehicles and pedestrians the duty of controlling and driving such motor vehicles carefully, so as to avoid causing injury and in the performance of that duty they are bound to take all reasonable precautions which ordinarily prudent persons usually exercise under the same or similar circumstances."

This instruction was proper and we see no reason why the exact words "careful lookout" should have been used. In fact, all the evidence points to the conclusion that the defendant did keep a careful lookout for children but that plaintiff suddenly darted out of the Witt driveway and into the side of the front fender on defendants' automobile. However, the substance of the plaintiff's requested instructions was covered by those given. Thus, there was no error on the part of the trial court in refusing to give those requested. Southwest Ice & Dairy Products Co. v. Faulkenberry, 203 Okla. 279, 220 P. 2d 257.

The cause was fairly tried and properly submitted to a jury. No sound reason appears for setting aside the verdict and judgment based thereon.

The judgment is affirmed.

HALLEY, V. C. J., and WELCH, JOHNSON, and O'NEAL, JJ., concur.