Paul D. BOYETT, Sr., and Paul Dewayne Boyett, Jr., a minor 4 years of age, who sues by his father and next friend, Paul D. Boyett, Sr., Plaintiffs in Error,

v.

AIRLINE LUMBER COMPANY, a partnership composed of Roger Givens and J. O. Givens, partners; and Herbert M. Love, an individual, Defendants in Error.

Nos. 36136, 36137.

Supreme Court of Oklahoma.

Nov. 16, 1954.

Rehearing Denied Dec. 14, 1954.

Fred M. Black, H. M. Redwine, Oklahoma City, for plaintiffs in error.

Savage, Gibson, Benefield & Shelton, Oklahoma City, for defendants in error.

HALLEY, Chief Justice.

Paul D. Boyett, Sr. and his minor son, Paul Dewayne Boyett, Jr., by his father and next friend, each filed a suit against the Airline Lumber Company, a copartnership, and Herbert M. Love, its employee, for damages to them resulting from personal injuries suffered by the minor, Paul Dewayne Boyett, Jr., when he ran into or collided with a Ford truck owned by the copartnership and driven by Herbert M. Love, an employee.

By agreement the two cases were consolidated for trial before a jury. The jury returned a verdict for the defendants in each case and added to the usual form of verdict the following:

"Find driver not guilty & Arr Lumber Co."

The plaintiffs have appealed from the judgment and include in one brief their argument for reversal of both cases.

Plaintiffs contend that the court erred in giving certain instructions and in refusing to give certain instructions requested by plaintiffs, resulting in depriving plaintiffs of a fair trial and an erroneous verdict for defendants.

The defendants pled contributory negligence in both cases, and there is disagreement as to proper instructions when a child four and one-half years of age is charged with contributory negligence. Before the jury was instructed, the defendants secured permission of the court to strike from their answer allegations of contributory negligence on the part of Paul D. Boyett, Sr., in his case. He had sought to recover for medical expenses and loss of services of his son during minority.

The accident involved occurred on south Goff Street in Oklahoma City about 4:30 p. m. on April 1, 1952. Goff Street runs north and south. The pavement is about 26 feet in width. This street is not intersected for several blocks but at each end it is crossed by a street running east and west. About a block north of the point of the accident the rear entrance to the yard of Airline Lumber Company is located. The Boyett home is located on the west side of Goff Street about a block south of the lumber yard and the accident occurred near the Boyett home. The evidence is conflicting as to whether Paul Dewayne Boyett, Jr., approached the truck from the east or west side of Goff Street. He was lying near the center of the street after being struck and knocked down by the truck.

An ice cream wagon or car had entered Goff Street from the south prior to the entry of defendants' truck and both were headed north. The first customer for ice cream was on the west side of the street and the ice cream wagon pulled over on the west side and stopped. The Ford truck approached from the south and the driver saw a bunch of excited children on both sides of Goff Street. The Ford truck driver, Love, brought his truck to a complete stop and stood still for a few minutes to allow children to cross to the ice cream wagon.

The truck driver, Love, testified that Paul Dewayne Boyett, Jr., was then standing on the curb on the east side of the street jumping up and down and eating an apple but giving no indication of intention to enter or cross the street.

Love testified that he did not sound his horn or give any other warning, but stopped to allow any who desired to cross the street to do so ahead of him. Upon starting his

truck in low gear, he started north at a speed estimated at from seven to ten miles per hour. He stated that he never saw the child start or run toward his truck and did not see the truck strike the boy. Upon hearing the impact of the child with the truck, he stepped on the brake, jumped out of the truck and ran back to where the child was lying about the middle of the street and found evidence that the child had been struck by the front corner of the truckbed.

There is no dispute as to the injuries suffered by the child. He suffered head injuries that interfere with his thinking and it was agreed that he had a life expectancy of 60 years. The amount of medical expense was also fixed by agreement. Only three witnesses testified that they actually saw the accident, Herbert M. Love, the truck driver, Charles Penny, the ice cream man, and John B. Dial, Jr., a neighbor boy between nine and ten years of age.

The defendant, Love, testified that as he drove his truck north on Goff Street, he saw the ice cream wagon parked on the west side of the street and that there were many children on both sides of the street; that before he got opposite the ice cream wagon, he stopped his truck and waited for all the children to cross the street if they so desired. He said that the Boyett child was about three feet inside the curb on the east side of Goff Street jumping up and down and eating an apple showing no signs of intention to enter or cross the street; that he did not sound his horn or give any other signal but after waiting a few moments started his truck in low gear and was proceeding north on the right hand side of the street at a low rate of speed when he heard a child scream. He slammed on his brakes, choking out the motor, jumped out and found the Boyett child lying in about the center of the street apparently choking on the apple he was eating. Love removed the apple from the mouth and waited for the child's mother to arrive. He stated that he did not see the child enter the street and did not see it struck by the truck but did find evidence of the collision on the truck.

John B. Dial, Jr., testified that he first saw the Boyett boy as he stood behind the screen of his front door across the street; that witness lived on the east side of the street facing the Boyett home; that he saw the Boyett child start to run across the street from the west side, saw him strike the front of the truck, spin around and strike the bed and then fall near the center of the street. This testimony is in conflict with that of the defendant, Love, who testified that the child was on the east side of the street when he saw him and started his truck toward the north.

Mr. Penny, the ice cream man did not see the actual impact but saw the Boyett child as he fell to the street after striking the truck from where Penny was parked on the west side of the street. This witness estimated the speed of the truck at the time at seven or eight miles per hour. He said that many children were on each side of the street. He saw the truck driver, Love, stop suddenly and run back to where the child was lying near the center of the street. There is ample evidence to support the findings of the jury to the effect that its verdict for the defendants was based upon a lack of negligence on the part of defendants, provided the instructions of the court are not misleading, prejudicial or otherwise erroneous as a matter of law.

Plaintiffs' first proposition is as follows:

"The court's Instruction No. 14, supra, to the effect that the father could not recover in his individual case unless the minor son recovered in his case is erroneous and prejudicial (1) because the affirmative defense of "contributory negligence of the child" was not plead by defendants, and (2) because the doctrine of imputed negligence as between parent and child is rejected in Oklahoma by statute and by judicial pronouncements."

Instruction No. 14 complained of is as follows:

"In connection with the preceding instructions concerning contributory negligence of the child, you are instructed that the right of a parent to recover for loss of services of and med-

ical expenses for injuries to a child is dependent on the right of the child to recover for his own personal injuries. So, in this case in the event you find that the child was either guilty of negligence which was the sole proximate cause of the accident or which operated as a Proximate contributing cause thereto then the father, Paul D. Boyett, Sr., also could not in any event recover anything against the defendants, in the case wherein he is the plaintiff."

In Instruction No. 14, the court refers to the preceding instructions concerning contributory negligence of the child and connected the above Instruction No. 14 with other instructions, including Instruction No. 12, in which it is said:

"In this same connection, as to the case wherein the father is plaintiff, if you find that the defendant, Love, in the operation of his truck, was guilty of any of the acts of negligence as charged in the plaintiff's petition, and you further find that such negligence, if any, was the proximate cause of the accident and resulting injury to plaintiff's child, and further find that the father suffered loss or damages resulting from such injury to his child, and fail to find that the child was guilty of contributory negligence, as that term is hereinafter defined to you, then your verdict should also be in favor of the plaintiff, in the case wherein the father, Paul D. Boyett, Sr., is plaintiff."

 An examination of Instruction No. 14 above, convinces us that it is a correct statement of the law as expressed in 67 C.J.S., Parent and Child, § 41, page 742, where it is said:

" * * * The right of the parent to recover for loss of services, etc., depends on the right of the child to recover for his injuries, * * *."

At page 752 § 47, it is further said:

"Since * * * the parent's right to recover for injuries to his child depends on the right of the child to recover, it follows that a parent may re-

cover only under the same circumstances of prudence as would be required if the action were on behalf of the infant, and that the contributory negligence of the child ordinarily will defeat the parent's recovery, provided such negligence was a proximate cause of the injury. * * * *"

 Here the defendants did not seek to impute the negligence of the father to the child in the child's case. We cannot agree that the instruction complained of caused the jury to impute the contributory negligence of the child to the father in the father's separate action. The verdict of the jury clearly shows that it was not based upon the contributory negligence of the child or the father but upon the total lack of negligence of the truck driver. When the jury expressly found that the driver of the truck was "not guilty" of negligence, it absolved the defendants from the acts of negligence attributed to them by the pleadings of the plaintiffs and thus found no basis of liability involving contributory negligence.

Plaintiffs complain of Instructions 8, 9, 10, and 11, relating to instructions covering primary and contributory negligence in their second proposition. In proposition five they complain of the court's refusal to give the jury their requested instruction covering the same subjects. The instructions complained of are too voluminous to quote here verbatim. In Witt v. Houston, 207 Okl. 25, 246 P.2d 753, the facts were very similar to the facts before us. In the Witt case the injured child was five years old. It darted into the street and into a car being driven by a defendant. The court there instructed the jury on contributory negligence. This Court approved the court's instructions in the Witt case. In the case before us, the court said it was the function of the jury to decide if the minor child was guilty of negligence per se and the following is Instruction No. 11:

" * * * It is presumed as a matter of law that an adult has sufficient mental capacity to understand and be held responsible for failure to perform this duty. No such presumption ex-

ists, however, as to a child of the age of 4½ years. Therefore, the question of whether the plaintiff Paul Dewayne Boyett, Jr., should be found guilty of negligence, per se, in failing to yield the right-of-way, if any such failure did occur, is for you to determine, from all the facts and circumstances of this case; taking into consideration the age of the child, and that he may only be charged with the duty of exercising that degree of care for his own safety, and to have the mental capacity to appreciate his duty to observe the city ordinances, such as a child of his years, capacity, experience, knowledge and judgment may be fairly be presumed to possess."

This instruction properly placed the responsibility upon the jury to determine whether under all the circumstances the minor child was guilty of negligence per se. We believe that the instructions complained of when considered as a whole and in connection with the other instructions given, fully comply with the rules of law announced in the Witt case, supra.

Plaintiffs' proposition 3 challenges the correctness of Instruction No. 13 which explains the meaning of contributory negligence. This instruction is approved in the Witt case.

Proposition 4 relates to the refusal of the court to give plaintiffs' requested Instruction No. 2. Instruction No. 13 fairly states the law of contributory negligence and any irregularity therein is rendered harmless by the finding of the jury that the defendants were not guilty of primary negligence. Any error in this instruction is rendered harmless under the general rule announced in Larkins-Warr Trust v. Watchhorn Petroleum Company, 198 Okl. 12, 174 P.2d 589, 590, where it was said in the second paragraph of the syllabus:

"Before the court will reverse a judgment based on the verdict of a jury because of the giving or refusal to give instructions, it must clearly appear that the instructions given or re-fused have caused a miscarriage of justice. This question is to be determined as much by the evidence before the jury as by the abstract accuracy of the language used or refused."

We find no merit in the contention that the court erred in refusing to give plaintiffs' requested Instruction No. 2.

In their proposition 5 the plaintiffs urge error in the court's refusal to give their requested Instruction No. 3 which had to do with the rights and duties of the minor plaintiff. We think this subject is also fully covered by the court's Instruction No. 13 and that plaintiffs' requested instruction was too favorable to their side.

Plaintiffs' requested Instruction No. 4 advises the jury that if it found in the case of the minor child that he was not injured by reason of the defendants' negligence and further that the fault of the father contributed to the child's injuries, that the fault of the father or any other person cannot be imputed to the minor.

Before the case was submitted to the jury, the defendants withdrew from their answer their defense of contributory negligence of the father in the minor's case. Plaintiffs claimed that by Instruction No. 2, the court instructed the jury erroneously and that some or all of the jurors probably inferred that the child was chargeable with the negligence of the father in permitting the child to be on or about the street "unattended and unrestrained." We do not believe that the words "unattended and unrestrained" led the jury to infer that the child was chargeable with any negligence of the father, and that the failure of the court to omit these words from Instruction No. 2, after defendants had stricken allegations of contributory negligence of the father in the minor's case, resulted in other than harmless error since the jury specifically found that the defendants were not guilty of primary negligence in their operation of the truck.

We find that the instructions given when considered as a whole fairly state the applicable law and that the verdict and judg-

ment based thereon should be and is hereby affirmed.

JOHNSON, V. C. J., and CORN, DAVISON, and O'NEAL, JJ., concur.

WELCH, WILLIAMS, and BLACKBIRD, JJ., concur in conclusion.

ARNOLD, J., dissents.