**A. M. McINTOSH, Plaintiff In Error,**

v.

**Larry SMITH, Defendant In Error.**

**No. 41408.**

Supreme Court of Oklahoma.

Sept. 24, 1968.

Farmer, Woolsey, Flippo & Bailey, J. C. Farmer, Robert J. Woolsey, Otho Flippo, J. B. Bailey, Lawrence A. Johnson, Richard L. Harris, Richard E. Wright, III, Tulsa, for plaintiff in error.

Alfred B. Knight, Tulsa, for defendant in error.

HODGES, Justice.

In the trial court, plaintiff McIntosh, sued defendant Smith, for damages resulting from a "rear end" automobile accident. Verdict and judgment were for defendant and plaintiff appeals.

Plaintiff was driving his truck south on Harvard Avenue in Tulsa during "rush hour" traffic. Defendant, also driving south, was directly behind plaintiff. Both vehicles were in the inside or left-hand lane (there were two lanes for south-bound traffic). As they neared the intersection of 23rd. St. and Harvard Avenue, a small boy darted across Harvard Avenue, in front of plaintiff's truck, which he brought to an abrupt stop. When plaintiff had stopped, or almost stopped, his truck was struck from the rear by the car driven by defendant. Both vehicles were travelling about thirty to thirty five miles per hour before the accident, and defendant's car was about

two to three car-lengths behind plaintiff's truck. Defendant's car put down 26 feet of skid marks before the impact.

In this court, plaintiff argues generally under a single proposition that the court erred in giving an instruction on the defense of sudden emergency because it was not pleaded or proved, "particularly where there is evidence of the defendant's negligence prior to the existence of the sudden emergency".

The record shows that in the second paragraph of his answer, defendant alleged that " * * * an unknown child suddenly and without warning ran across the street involved" and that plaintiff had to stop his vehicle suddenly to avoid striking the child. Defendant further alleged that "the sole and proximate cause of the alleged accident and injuries complained of was the unknown child running across the street * * *".

The record also shows that at the conclusion of the evidence, defendant amended his answer to conform to the proof, at which time the defense of sudden emergency was specifically mentioned.

In this state of the record, we hold that the court did not err in giving the instruction. If defendant did not plead the defense of sudden emergency with sufficient clarity, this deficiency was corrected by his motion to amend the pleadings to conform to the proof. Insofar as the proof is concerned, we think the summary of the evidence in the second paragraph of this opinion shows that there was evidence to support the defense of sudden emergency.

Plaintiff also argues that defendant was not entitled to the instruction on sudden emergency because the evidence showed that defendant was negligent before the sudden emergency arose. This argument is made because of the following facts, substantially uncontradicted, shown in the evidence.

Both lanes of south-bound traffic were full of "rushhour" traffic just before the accident. Drivers in the right-hand lane apparently saw the little boy first, and

traffic in that lane began to slow down and "jam up". Plaintiff and defendant were both in the inside, or left-hand, lane. Plaintiff glimpsed the little boy momentarily, before the cars in the right-hand lane shielded him from view, and began to apply his brakes. Defendant's first notice that something was wrong came when a car to his right made an "emergency honk". At this time defendant glanced "momentarily" to the right, for a "split second". When he looked back to the front plaintiff's truck was already stopping, and defendant was unable to stop in time to avoid a collision. He did not see the little boy until just after the impact.

It is defendant's act in glancing to the right in response to the "emergency honk" that plaintiff urges as negligence before the sudden emergency arose.

We are unable to agree that defendant's act in glancing to the right came in advance of the sudden emergency. We think the jurors were justified in concluding that defendant's glance and the emergency honk both came after the little boy started his dash across the street and thus after the sudden emergency arose. Also, we are unable to agree that under the circumstances in this case, defendant's glance amounted to negligence as a matter of law. In this connection, we note that under the sudden emergency instruction as given, the jury was required to find that the defendant was " * * * in the exercise of due care and without negligence on his own part" before giving him the benefit of the sudden emergency rule. We must therefore conclude from the general verdict in favor of the defendant, that the jury found that defendant's act in glancing to the right in response to the emergency honk did not amount to negligence under the circumstances. There was evidence to justify this finding.

Plaintiff also argues that the court erred in refusing to give an instruction on "following too closely" requested by him. Plaintiff did not plead that defendant was negligent in following too closely, and his

motion to amend his pleadings to conform to the proof, at the conclusion of plaintiff's case, was specifically limited to certain medical and drug bills. Even assuming the plaintiff's contention that this issue was sufficiently pleaded, and a fundamental issue in the case, we find no merit in the proposition. The issue was adequately covered in other instructions.

The requested instruction of the plaintiff incorporated the language of 47 O.S.1961, § 11–310(a), which provides that "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway".

However, among the instructions given by the court was the familiar "assured clear distance ahead" instruction, incorporating the langauge of 47 O.S.1961, § 11–801(a), as follows: "Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other condition then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead".

As applied to the facts in this case, these two sections of the statute, and corresponding jury instructions, use different language to say substantially the same thing. § 11–310(a) states the duty of the following driver primarily with respect to distance, and § 11–801(a) states it primarily with respect to speed. In both instances, however, the same two variables (speed and distance) are principally involved and it cannot be said that either variable is more important that the other, because under both statutes, it is the inter-play of *both* variables that produces the negligent act prohibited. In both instances, the follow-ing driver is required to "have due regard" for substantially the same things: " * * * the speed of such vehicles and the traffic upon and the condition of the highway" (§ 11–310(a)); and " * * * the traffic, surface and width of the highway and any other condition then existing" (§ 11–810 (a)). The duty of care is substantially the same: under § 11–310(a) it is "reasonable and prudent", and under § 11–801(a) it is "careful and prudent", "reasonable and proper". If there is any difference between the two sections, it may be said that the duty of the following driver required by § 11–801(a) is slightly greater, since it states in slightly broader language the things as to which such driver must "have due regard".

We think that, as a practical matter, and as applied to the facts in this case, following too closely and driving so fast as to be unable to stop within the assured clear distance ahead are substantially one and the same. Also, we cannot find in the requested instruction under § 11–310(a) any element of the legal duty of a following driver that was not fully covered by the trial court's instruction under § 11–801(a). In addition, it may be noted that the court gave the usual instructions defining negligence and ordinary or reasonable care, and the duty of an automobile driver to keep a proper lookout.

■ Refusal to give a requested instruction, the substance of which was covered by other instructions given by the court, is not error. Witt v. Houston, 207 Okl. 25, 246 P.2d 753.

We therefore hold that, since the subject matter of the requested instruction was fully covered by the "assured clear distance ahead" instruction which the court gave, it was not error to refuse to give the requested instruction.

The judgment of the trial court is affirmed.

All Justices concur.